<div style="margin-left:2em; font-variant:small-caps; font-size:smaller">4. APPEAL: rights of party not appealing.</div>

VI. There are other reasons why defendant should not be heard to dispute the validity of the certificates and to deny liability thereunder, which need not be discussed, for what we have already said disposes of the case.

The court was in error in allowing monument benefits, and in this respect the decree must be modified. In all other respects it should be affirmed. The case will be remanded to the district court for this modification. Appellees' motion to strike arguments need not be considered. Appellant will pay all the costs of this appeal.— *Modified and affirmed.*

---

MERRIT, ALLEN & Co., Appellant, v. ALEXANDER TORRANCE, Appellee.

Trusts: ADMISSIBILITY OF PAROL EVIDENCE. While an express trust cannot be established by parol evidence, yet it is competent for the purpose of showing a transfer of property as security for a debt, especially where the transfer was largely of personal property.

Assignment for benefit of creditors: ACCOUNTING: COMPENSATION OF ASSIGNEE. Where a creditor, having taken the property of an insolvent concern under an agreement to dispose of the same and pay the debts, is called to an accounting, the invoice of the property to him is a *prima facie* basis of settlement, but if he acts in good faith and within the limit of his power, he is not required to make good any shrinkage from the invoice value, and should not be deprived of compensation for his services because of an unavoidable shrinkage.

*Appeal from Linn District Court.*— HON. W. N. TREICH-LER, Judge.

THURSDAY, JANUARY 11, 1906.

ACTION in equity for an accounting. The opinion states the material facts.— *Affirmed.*

*Rickel, Crocker & Tourtellot,* for appellant.

*Redmond & Stewart,* for appellee.

WEAVER, J.— Plaintiff, a corporation, in the early part of the year 1899 was carrying on a woodworking plant in the city of Cedar Rapids. From time to time during the year and previous thereto it had borrowed various sums of money of the defendant, for which it executed its promissory notes. It also incurred other indebtedness, which matured early in the year 1899, and which was being pressed for collection. Defendant was also taking steps looking to the collection of his money, and it was finally agreed that the condition of affairs was such that a receiver should be appointed. Pursuant to this arrangement one Allen, who was a stockholder and officer of the corporation, was appointed receiver in an action brought by defendant against the company. A short time thereafter it was concluded that the receivership was an expensive affair, and defendant agreed to take over the property of the corporation, sell it to the best advantage, pay himself out of the proceeds the amount owing him and the other indebtedness, and, if anything was left, to return it to the corporation, to be divided among the stockholders in proportion to their holdings. A bill of sale was accordingly executed to the defendant under date of June 21, 1899, but he did not take possession of the property until about July 6, 1899. At that time, and again on July 17th, invoices were taken of the property, to which we shall hereafter refer.

Defendant proceeded to operate the business in the regular way until October of the year 1899, when he sold the

plant for the sum of $12,000. Various of the stockholders who consented to the arrangement with the defendant had claims for services against the corporation, which, for the purposes of the .transfer, they agreed to release. After the sale of the property and the closing up of the business, plaintiff, through its officers and agents, demanded an accounting .of the defendant, but this he refused or neglected to make, saying that nothing was due, and otherwise denying the request. This action was brought to compel an accounting. Sundry books and exhibits, expert testimony, and parol evidence were introduced in the case, and the books, documentary evidence, and exhibits, have been certified to this court for our inspection. These we have examined in the light of the testimony, and hereafter shall state in a general way the results arrived at.

Preliminary to this investigation is a legal proposition advanced by appellee to the effect that plaintiff is relying on an express trust, which cannot be established by parol testimony. This does not demand much consideration, for the reason that the question does not seem to have been presented to the trial court, nor was the case tried on that theory. Plaintiff's evidence was all received without objection, and the trial court was perfectly justified in finding plaintiff's contention in this respect correct. Moreover, nearly all the property received by defendant was personal in character. The real estate was confessedly held by defendant as a security for his indebtedness. Conceding that the statute as to trusts is applicable to personal property, yet the evidence is such as to show that defendant took the entire property as security for the indebtedness owing him, and not absolutely, and that the transaction was in effect a mortgage. Evidence to establish such a relation is competent, and the implied agreement growing out of such a situation is not different from the express one upon which plaintiff relies. Again, the trial court found that defendant was a trustee, and from this

1. TRUSTS: admissibility of parol evidence.

no appeal was taken. But, as we have expressly held that trusts of personal property may be established by parol, we need not further pursue this inquiry. See *Patterson v. Mills,* 69 Iowa, 758; also cases collated in 28 Am. & Eng. Ency. Law (2d Ed.) 870.

We are then brought to the accounting feature of the case, which is at all times difficult, particularly in this court, where no oral explanation of the books and figures may be given. No more can be expected of us than to state in a general way the amount with which the defendant should be charge and the amount to which he is entitled as credits. A number of counter books, invoices, checks, etc., were introduced in evidence and certified to this court which we have found of little help in arriving at a correct accounting. We shall adopt the simple method of trying to ascertain defendant's receipts and charging him therewith, and of finding the amount he paid out and giving him credit therefor. In so doing we shall not extend this opinion to set out in detail all the numerous items making up the amount in controversy, but content ourselves for the most part with a statement of results. The appellee admits having received the property and business placed in his hands to an aggregate sum of $37,607.78, and that if any part thereof is left in his hands, after allowing all proper credits, the plaintiff is entitled to recover it.

The appellant has favored us with many different theories or plans of stating the account, according to some of which the total of appellee's debits is somewhat greater, while according to others it is less, than the admitted sum above mentioned. For instance, in five different statements counsel for appellant make the aggregate of debits vary from $36,716.67 to $44,153.77, while the aggregate of credits fluctuates between $32,919.26 and $40,752.32. This is mentioned, not as indicating the incorrectness of the computations, but rather as an illustration of the inherent difficulties which cases of this class present to a court of review, which is

placed at much disadvantage in attempting to arrive at just and accurate conclusions from the meager outlines and vague statements to be derived from the printed record. We have examined the several computations on both sides as thoroughly as is practicable in the light of the record, and are satisfied to accept the appellee's admission of $37,607.78 as substantially correct.

As to the amount for which the appellee shall have credit there is, perhaps, more room for argument; but even here the principal items claimed by him are practically undisputed in testimony. It is conceded that he should be allowed to retain the amount of the indebtedness of the corporation to himself in full, and should have credit for all proper expenditures in carrying on and managing the business from the time he took possession until the property was closed out.

These items, as claimed by the appellee, are:

| | | | |
|---|---|---|---:|
| (1) | Paid for | merchandise | $10,899 40 |
| (2) | " " | labor | 9,191 63 |
| (3) | " " | expense | 1,093 28 |
| (4) | " " | freight | 141 46 |
| (5) | " " | insurance | 301 50 |
| (6) | " " | discounts | 38 62 |
| (7) | " " | mortgage on plant | 1,926 00 |
| (8) | " " | for money advanced to corporation | 2,222 47 |
| (9) | " " | miscellaneous bills | 1,726 39 |
| (10) | " " | debt due appellee | 9,898 51 |

$37,439 26

Upon this basis, and without allowing appellee anything for his services, there would appear to be in his hands an unexpended balance of $168.98. The trial court found this balance to be $267.02, which sum, with the further sum

of $32.98 to be taken from the uncollected accounts, making a total of $300, was allowed to the appellee for his services, and the remainder of the uncollected accounts was ordered turned over to the appellant.   To determine the correctness of these items requires the examination of a voluminous record and the checking up of extended accounts, the full exposition of which, in this opinion, would be of no value as a precedent, and we cannot undertake it.   It is sufficient to say that we have carefully examined the conflicting claims, and that, in our judgment, the several credits claimed are not greater than appellee is fairly entitled to.   Indeed, counsel for appellant in their final statement concede, in effect, the correctness of these items, except the last one above mentioned.   The large balance which they profess to find in appellant's favor is derived by a slight reduction in this item and by a considerable increase of the debit side of the account.   We have taken each of these discrepancies between the two statements, and have traced them back through the accounts, and in each instance have found that the alleged increase of appellee's liability is based upon a misapprehension of the record, or is an admitted item which has already been included and accounted for under some other name. Eliminate these elements of mistake, and the difference between the parties is immaterial.

We have not discussed the appellant's contention that appellee should be charged with the full invoice value of all the property coming into his hands.   It is right that he

2. Assignment
FOR BENEFIT
OF CREDITORS:
accounting:
compensation
of assignee.

should be so charged; but, on the other hand, the invoice affords only a *prima facie* basis of settlement.   He took the property and business of a failing concern to close out upon the most favorable terms to be reasonably obtained.   This he claims to have done, and the evidence tends to sustain his contention.   If he has acted in good faith, and kept within the limits of the power expressly or impliedly conferred upon him, he is not bound to make good any loss or shrinkage

from the invoice estimate of its value. It is also argued that appellee did not keep a complete and satisfactory system of accounts, and therefore all the presumptions should be against him, and he should be denied compensation for his services. There may readily be circumstances of such gross incompetence or negligence in the administration of a trust as will call for an application of the rule here insisted upon, but we are well convinced that this is not such a case. The appellee's books are not as full and specific as could be desired; but they are not misleading, and, in a general way, afford sufficient data from which to ascertain the relative rights of the parties.

Courts of law and equity are organized to ascertain the truth of litigated matters, and to apply remedies which shall as near as possible secure to each litigant the full measure of his right. If this end can be obtained without the imposition of penalties or indulgence in presumptions, which may or may not be in accordance with truth, the purpose of the law is satisfied, and none may complain. We find nothing in the record to indicate bad faith on part of the appellee. He seems to have wound up the appellant's business with reasonable success. Practically universal experience shows that an insolvent business which attempts to liquidate through the hands of a receiver or trustee suffers very material loss, no matter how carefully or conscientiously it may be administered. Appellee's management was successful above the average of such cases, and we see no good reason why he should be denied compensation for his work.

We are satisfied that the decree appealed from effectuates substantial justice, and it is *affirmed*.