FIRST NATIONAL BANK OF MILWAUKEE, Respondent, vs. BUETOW, imp., Appellant.

*November 15—December 13, 1904.*

*Fraud: Evidence: Appeal and error: Findings: Conclusiveness.*

1. To set aside a written instrument on the ground of fraud, the evidence of the fraud must be clear and satisfactory.
2. To set aside the findings made by a trial court, they must appear to be contrary to the clear preponderance of the evidence.

3. In an action on a written guaranty alleged to have been obtained by fraud, upon the evidence, stated in the opinion, the findings of the trial court upon the issue of fraud are *held* not to be against the clear preponderance of the evidence.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover on a guaranty wherein defendant *Charles J. L. Buelow* and others in due form jointly and severally agreed to pay or cause to be paid to plaintiff all loans, drafts, notes, interest, demands and liabilities of every kind and description, which, when such guaranty was made, were, or thereafter might be due or owing by the Suhm Leather Company to plaintiff upon the same or any part thereof becoming due, waiving all proceedings to collect from the principal debtor or any one else, and also demand, notice and protest of every kind, and agreeing that the obligee, without notice, might surrender or release securities held by it and grant extensions of time, and from time to time renew any obligations of said principal without notice.

The indebtedness alleged in the complaint to fall within the obligations of, and enforceable under, such guaranty was $9,000, of principal and the interest thereon, evidenced by a promissory note of $5,000, and a like note for $4,000. Defendant answered and among other things counterclaimed to the effect that when the guaranty was executed he was an indorser to plaintiff on a $3,000 note of said leather company; that he was unable to read the guaranty and understand it without assistance, which was known to plaintiff's cashier, and that he signed the same relying upon representations made by such cashier that the effect thereof was merely to permit plaintiff and the maker of such note to renew it from time to time within one year without obtaining his indorsement thereon in order to preserve his liability for the payment of the indebtedness; that when asked to sign the guaranty he requested time to examine it and for permission to take the

same away for that purpose, but that he was persuaded not to insist thereon and to sign the paper at once by the representations aforesaid.

The counterclaim was duly replied to. The issue thus formed was deemed to be triable by the court and was so tried, the result being a decision in favor of the plaintiff.

Other issues raised by the answer were then tried before a jury resulting in a verdict for plaintiff for $10,433.34. Thereon judgment was rendered from which defendant *Buetow* appealed.

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *Charles S. Carter.*

For the respondent there was a brief by *Miller, Noyes & Miller,* and oral argument by *Geo. P. Miller.*

MARSHALL, J. The sole question presented on this appeal is, does the evidence warrant the finding that appellant was not wrongfully persuaded by respondent's cashier to sign the guaranty? On that two well-known rules are to be observed, viz.: To set aside a written instrument on the ground of fraud, the evidence of the fraud must be clear and satisfactory. In order to set aside findings of fact made by a trial court, they must appear to be contrary to the clear preponderance of the evidence. After carefully studying the record before us the view prevails that the findings cannot be disturbed. The testimony bearing thereon was mainly given by appellant and respondent's cashier. The former emphatically supported the material allegations of his counterclaim. He gave as an excuse for not reading the paper before signing it that he did not have his glasses with him and could not·read understandingly without them. He gave as an excuse for not having some one not adversely interested to him read the paper for his benefit, or take time to otherwise understand it that the cashier persuaded him not to delay as it was important to conclude the matter presently. On those points appel-

lant was corroborated to some extent by one of his associate
guarantors. There was some evidence given by him upon
cross-examination to the effect that on a former occasion he
gave testimony indicating that he read the instrument suffi-
ciently to get some idea of its meaning. The cashier denied
appellant stated that he could not read the paper, or desired
to take it home for the purpose of reading it, or anything
about signing it to be good for a year. He further testified
that he explained the instrument fully to the appellant; that
he did not read it to him, but gave it to him for examination;
that he said to him, "We are having a lot of trouble from time
to time getting indorsements on new paper and new notes and
the guaranty will avoid all trouble of getting indorsements.
It takes the place of indorsements." To which he replied,
" 'All right,' and signed it." There was some evidence to the
effect that one of appellant's associate guarantors stood by
during the conversation between appellant and respondent's
cashier; that no effort was made by appellant to have such
associate explain the paper; that the latter understood its im-
port and that neither he nor the other associate guarantor
made any defense to the action. The words "new note,"
which counsel for appellant urges upon our attention as in-
volving an admission by appellant's cashier that only re-
newals of the $3,000 note were in contemplation when the
paper was signed, have been considered. The circumstance
of their use is quite persuasive in support of appellant's posi-
tion. However, there stands the positive evidence of the
cashier that he fully explained the paper to appellant, some
evidence that the latter took the paper into his hands for ex-
amination and to some extent, at least, read it; the fact that
the meaning of the paper would be obvious to any person ex-
ercising ordinary care in examining it; the fact that one of
the guarantors stood by, where, if he were paying any atten-
tion to the matter, he might have heard what occurred, though
there was evidence that he did not hear the same; the fact that

appellant had ample opportunity to have the instrument explained to him by one of his associates and did not secure such explanation; the fact that the other associate guarantors understood the paper, as is indicated by their making no defense thereto, the improbability that the cashier committed such a barefaced fraud as is claimed, and other circumstances appearing in the evidence, which, in the whole, preclude holding that the findings on the issue as to fraud are against the clear preponderance of the evidence. Therefore the judgment appealed from must be affirmed.

*By the Court.*—So ordered.