LITTS, Appellant, vs. GOSS, Respondent.

*April 2—April 17, 1908.*

*Appeal: Sufficiency of evidence.*

On an appeal on the ground that the ruling of the trial court was contrary to the evidence there are two very important elements which are generally of sufficient weight to sustain the trial court in case the evidence is conflicting, viz., the presumption in favor of the correctness of the findings below because of the superior advantages of the trial court for determining the credibility of witnesses, and the wide difference between mere and clear unmistakable preponderance of the evidence. Where the respondent is thus aided by these two elements, the probative character of the appellant's evidence must necessarily be so strikingly superior as to leave only a shadowy ground, if any in reason, in support of the decision complained of to warrant a reversal.

APPEAL from a judgment of the municipal court of the city of Beloit: CHARLES D. ROSA, Judge. *Affirmed.*

Action to recover commission on an alleged verbal contract for the sale of realty.

Facts as found by the court: In February, 1905, defendant owned forty acres of land in Rock county, Wisconsin. About such time plaintiff entered into a contract with the defendant by the terms of which it was agreed that in case of the former securing a purchaser for said land for $3,600 cash, or $4,000 in trade, the latter would pay plaintiff a commission of $100. Prior to the making of such agreement defendant and one Woodstock commenced negotiations in regard to a purchase of the land by the latter which did not result in a sale. After such contract was made and in March, 1906, defendant and Woodstock renewed negotiations, and while the same were pending Woodstock, attracted by an advertisement of the land for sale by plaintiff in connection with other lands, called at his office for the purpose of making inquiries. Plaintiff cited Woodstock's at-

tention to defendant's land and other lands, but was informed that he knew of the former, had looked at it, and that it was useless for plaintiff to show the same to him. Nevertheless plaintiff urged Woodstock to visit the land with him, which he did, but refused to negotiate with plaintiff. Such transaction in no way induced Woodstock to purchase the land. He continued his existing negotiations with defendant, unaffected by plaintiff's acts, resulting in his purchasing the land of defendant without reference to any act of plaintiff in the matter. The latter was not in any sense the procuring cause of such purchase.

As a matter of law, upon the facts found as aforesaid, the court decided that defendant was entitled to a judgment dismissing the action with costs.

Judgment was accordingly rendered.

The cause was submitted for the appellant on the brief of *J. J. Cunningham,* and for the respondent on that of *E. D. McGowan.*

MARSHALL, J. We are unable to see any questions for consideration in this case except such as appertain to whether the findings of fact are against the clear preponderance of the evidence. We cannot review questions of fact as a court of original jurisdiction. One had best not, without most careful consideration of the matter, incur the burden of an appeal to this court where the only real complaint is that the trial court erroneously decided as to the credibility of witnesses and the weight and preponderance of the evidence, the only basis for such complaint being the appearance to the defeated party, from the record alone, that the decision should have been different. There is left to be reckoned with, two very important elements which are generally of sufficient weight to sustain the trial court in case the evidence is conflicting, viz.: the presumption which must be indulged in in favor of the correctness of the findings because

of the superior advantages of the trial court for determining the credibility of witnesses and the wide difference between mere and clear unmistakable preponderance of the evidence. When the scales of justice are weighted down on the side of the respondent by these two elements, which appellant from his partisan position is not wont to measure accurately, if at all, the probative character of the evidence in behalf of the latter must necessarily be so strikingly superior to that of the former as to leave only a shadowy ground, if any in reason, in support of the decision complained of to warrant a reversal. True, the finding of a trial court is not quite as conclusive as that of a jury, but the difference is not so significant as to permit of an attack upon the former with much greater hope of disturbing it than a challenge of the latter. The law in this regard has been so often stated that a discussion of it now at any great length would be out of place. We may well repeat what was said in *Endress v. Shove,* 110 Wis. 141, 148, 85 N. W. 651, 653:

"It must be well understood by the profession that although in theory there is a new trial here on questions of fact, where the trial below was by the court and a bill of exceptions containing the evidence is preserved to support exceptions to the findings, the principle has become so firmly established, that such findings must be regarded as verities in the case unless overcome by a clear preponderance of the evidence, that such trial is in fact far different from an original trial. The presumptions indulged in, in favor of such findings, are not easily overcome, so it may happen—we venture to say it does happen in some cases—that a judgment of affirmance is rendered where a reversal would occur if such presumptions were left entirely out of consideration. That cannot be helped. The judicial policy of the court and its interpretation of the statute governing the subject are firmly intrenched in our system. They cannot be varied . . . even if we were to say that the evidence in the record, looking at that alone, impresses us contrary to the conclusions reached by the trial court. There would still be left that in-

surmountable difficulty to a reversal—absence of such clear preponderance of evidence against the findings as to convince us to a reasonable certainty that the trial judge decided wrong. It must not be lost sight of in this class of cases that there is a wide range between mere preponderance of evidence and that preponderance necessary to overcome the decision of a trial judge on controverted questions of fact."

*By the Court.*—The judgment is affirmed.