Foote, Appellant, vs. Harrison and others, imp., Respondents.

*March 16—April 5, 1911.*

*Debtor and creditor: Title to land: Intent to defraud: Findings: Evidence.*

In an action wherein it was sought to subject to execution certain land as the property of the judgment debtor, although the title was in the name of his children, a finding of the trial court that the children purchased the land with their own funds and for their own benefit, paying full consideration therefor, and did not take the title for the beneficial use of their father, is *held* to be sustained by the evidence.

Appeal from a judgment of the circuit court for Kenosha county: E. B. Belden, Circuit Judge. *Affirmed.*

This is an action wherein the plaintiff sought to have certain real estate, the title to which stands in the name of the children of *William H. Harrison,* one of the defendants herein, judicially declared to be in fact the real estate of *William H. Harrison* and made subject to the levy of an execution upon a judgment theretofore recovered by the plaintiff against said *Harrison;* the ground of plaintiff's action being that said *Harrison* had paid the consideration for and caused the real estate to be transferred to his children for the purpose of defrauding his creditors and preventing the plaintiff from realizing upon his judgment.

On November 10, 1888, the defendant *William H. Harrison* executed his promissory note to the plaintiff for the sum of $1,000. Judgment was taken on said note on November 13, 1895, and docketed in the office of the clerk of the circuit court for Kenosha county. Execution was rendered thereon and the same has been returned unsatisfied. At the time of the giving of the note the property involved in this litigation was owned by *William H. Harrison,* and prior to the rendition of the judgment had been sold under a mortgage

foreclosure.   Thereafter, by transfers through several parties, the title to the part of the property involved in this action was conveyed on May 25, 1897, to *Kirk L., Orville E.,* and Harriet M. Harrison, children of *William H. Harrison.*   Upon the trial the plaintiff contended that *William H. Harrison* furnished the consideration for the transfer, and that the transfer was made to his children at his direction for the purpose of defrauding his creditors, particularly the plaintiff, and that said *William H. Harrison* is the beneficial owner of the land and the occupant thereof.   Harriet M. Harrison married and died intestate, leaving her husband, Benton Pratt Arthurs, and one child, *Maysie Gean Arthurs,* who are named as defendants in the action.   Laura M. Snyder, another defendant, is the holder of a mortgage executed by the owners of the legal title to the property.

The circuit court found that the children of *William H. Harrison* purchased the land in controversy with their own funds and for their own use and benefit and that they did not take the title thereto for the beneficial use of their father, *William H. Harrison,* and rendered judgment dismissing the complaint, from which judgment plaintiff appeals.

For the appellant there was a brief by *Elwood G. Godman* and *Peter Fisher,* attorneys, and *John Byrne,* of counsel, and oral argument by *Mr. Godman* and *Mr. Peter Fisher, Jr.*

For the respondents there was a brief by *Cavanagh & Barnes,* attorneys for *William H. Harrison* and others, and *Chester D. Barnes,* guardian *ad litem* for *Maysie Gean Arthurs;* and the cause was argued orally by *Mr. Barnes.*

BARNES, J.   A number of significant facts and circumstances were shown by the plaintiff in support of his contention that *William H. Harrison* was the real owner of the land in controversy and that the title thereto was placed in the names of his children for the purpose of defrauding his creditors.   On the other hand, *William H. Harrison* and his two

:sons testified that the purchase from the mortgagee, after the foreclosure sale, was made by the children of said *William H. Harrison* in their own behalf and for their own benefit, and that they paid the full consideration for the purchase.    There is nothing inherently improbable about this testimony.    The facts shown in behalf of the plaintiff do not demonstrate that such evidence was unworthy of belief.    The case was one where the trial court might well have reached a conclusion either way upon the facts.    It had the advantage of having heard the oral testimony and of having observed the witnesses who gave it.    There is no clear preponderance of evidence against the finding of the trial court, and the judgment must therefore be affirmed.    *First Nat. Bank v. Buetow,* 123 Wis. 285, 101 N. W. 927; *Litts v. Goss,* 135 Wis. 405, 115 N. W. 1091; *Stanhilber v. Graves,* 97 Wis. 515, 73 N. W. 48; *Mc-Garry v. Runkel,* 118 Wis. 1, 94 N. W. 662; *Daubner v. Mc-Farlin,* 136 Wis. 515, 117 N. W. 1002.

*By the Court.*—Judgment affirmed.