FIELD, Respondent, vs. THE CITY OF ELROY, Appellant.

*April 13 — May 3, 1898.*

*Appeal: Difficult question of law as to costs involved.*

1. Under ch. 215, Laws of 1895, as amended, if a judgment for less than $100 without costs is rendered in plaintiff's favor, and the only question in controversy is as to whether defendant is entitled to costs, he may appeal from the judgment to test that question if the trial judge certifies the facts and that the case involves some question of law, specifying it, of such doubt and difficulty as to require the decision of the supreme court.

2. Under secs. 2918, 2920, S. & B. Ann. Stats., if plaintiff recovers less than $100 in an action commenced in the circuit court on contract, the defendant is entitled to costs.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Reversed.*

This case comes up on a certificate of the trial judge. Such certificate is, in substance, as follows: The judgment rendered against the defendant is less than $100 without costs. The case necessarily involves a question or point of law of such doubt and difficulty as to require the decision of the supreme court. The action was commenced in the circuit court on contract for an amount within the jurisdiction of a justice of the peace. Plaintiff sought to recover $38.50. A trial was had, resulting in a verdict for $23.10. Both parties claimed costs before the clerk. Costs were allowed by such clerk in favor of the defendant for $61.02. On appeal from such taxation to the court, costs were denied to either party, and judgment rendered in plaintiff's favor for the amount of the verdict. The question of law is, Was the defendant entitled to costs? The appeal is by the defendant.

*J. T. Dithmar,* attorney, and *H. W. Barney,* of counsel, for the appellant.

For the respondent there was a brief signed by *J. M.*

Field vs. The City of Elroy.

*Morrow*, of counsel, and *Smith & Smith*, attorneys, and oral argument by *Mr. Morrow*. They contended that only a question or point of law involving the merits of the case could be certified by the judge so as to permit an appeal. Ch. 215, Laws of 1895; *Two Rivers Mfg. Co. v. Beyer*, 74 Wis. 210; *Geiser T. M. Co. v. Smith*, 36 id. 295. The appeal is from the judgment, and not from the order as to costs.

MARSHALL, J. Respondent claims that this court has no jurisdiction of the appeal, upon the ground that the judgment is not appealable. If such be the case it is because of the change made in the former law on the subject, under which an appeal from a judgment for costs only, was proper, by ch. 215, Laws of 1895, as amended by ch. 183, Laws of 1897, which provides that there shall be no appeal to the supreme court in any case involving, exclusive of costs, less than $100, except where the title to land is in question or the case necessarily involves the construction or interpretation of some provision of the constitution of the United States or of this state, unless the judge of the court where the judgment was rendered shall certify that such case necessarily involves the decision of some question or point of law of such doubt and difficulty as to require the decision of the supreme court. Manifestly, the only change thus made in the former statute on the subject of appeals, was that requiring a certificate of the trial judge in certain cases, submitting for decision only doubtful and difficult questions of law. A judgment for costs only was left appealable the same as before, subject to the requirement regarding the certificate and limiting the jurisdiction of the court to a consideration of doubtful and difficult questions of law stated therein. So the result is that we must hold that the court has jurisdiction of this appeal, though the only question of law involved pertains to who is entitled to costs.

The action is one on contract. That is a fact certified by the trial judge and rightly so, though, in any event, the statement to that effect in the certificate is binding for the purposes of this appeal. Subd. 6, sec. 2918, S. & B. Ann. Stats., plainly provides that plaintiff shall be entitled to *costs in any action on contract where the sum recovered by him shall be $100 or more.* So plaintiff here was not entitled to costs, because the sum recovered by him was too small, though this action is one mentioned in such section, within the meaning of sec. 2920, which provides that the defendant shall be entitled to costs in all actions mentioned in sec. 2918, where plaintiff is not entitled thereto, under such section. It follows necessarily that appellant is entitled to costs; that the trial court decided wrong on that point; and that the question submitted must be answered in the affirmative.

*By the Court.*— The question of law submitted by the trial court is answered in the affirmative, the judgment reversed so far as it denied costs to defendant, and the cause remanded with directions to allow costs to the defendant, and for further proceedings according to law.