OLSON, Respondent, vs. UNITED STATES SUGAR COMPANY, Appellant.

*September 17—October 5, 1909.*

*Costs: Statute construed.*

That part of subd. 6, sec. 2918, Stats. (1898), allowing costs to the plaintiff in an action on contract when he shall recover $100 or more, is not a qualification or repeal of subd. 7, although it was originally enacted later than subd. 7 and overlaps the ground covered thereby; and in a case coming within the terms of subd. 7, where the recovery was more than $50 but less than $100, plaintiff was entitled to costs.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action on contract wherein a duly verified complaint alleged a liability of $236. Judgment was recovered for only $93.92 damages. Costs were taxed in favor of plaintiff against due objection and exception by the defendant, and included in the judgment. From the portion of the judgment awarding costs defendant brings this appeal.

For the appellant there was a brief by *Aylward, Davies & Olbrich,* and oral argument by *Carl Hill.*

For the respondent there was a brief by *Murphy, Kroncke & Sauthoff,* and oral argument by *George Kroncke.*

DODGE, J. The allowance of costs to the plaintiff is very clearly authorized by the words of subd. 7, sec. 2918, Stats. (1898):

"In an action on contract when a justice of the peace has jurisdiction wherein the amount claimed by the plaintiff in his complaint duly verified shall exceed the sum of two hundred dollars, but in such cases the plaintiff shall recover only such taxable costs as the court in its discretion shall allow, when the recovery shall be less than fifty dollars."

This appellant concedes, but urges that because the legislature in 1881, while said subd. 7 was in force, enacted an amendment to subd. 6 of said section allowing costs to the plaintiff "in an action on contract when the plaintiff shall recover $100 or more," this is a qualification of subd. 7. If a qualification at all, it is a complete repeal; for it covers the whole ground, and subd. 7 serves no purpose. We are convinced, however, that no such legislative purpose existed. The statute as it existed in 1881, when the addition to subd. 6 was made, allowed costs to plaintiff: (subd. 3) In the actions in which a justice's court has no jurisdiction; (subd. 6) In an action on contract wherein real estate shall be attached at the commencement thereof, *without regard to the amount recovered;* and (subd. 7) In an action believed to be beyond the jurisdiction of the justice of the peace, but on trial found to fall within it. Evidently the legislature became convinced that another class of cases should be added to this, namely, in all contract cases in which $100 or more should be recovered. This is the clear significance of the words, and such we think to have been the legislative intention. There are no words, by negation or otherwise, in the amendment to indicate that it controls or restrains any of the other sections, and when in 1898 the entire revision of the statutes was enacted the class provided by subd. 7 and the class brought into subd. 6 by this amendment were both preserved in the statute. The fact that the two subdivisions overlap is of no significance. That is the characteristic of several of the subdivisions in sec. 2918, and it is no good ground for refusing costs allowed by one of those subdivisions that they may under some circumstances be allowed by the words of another. Thus subd. 3 allows costs in actions of which a justice of the peace has no jurisdiction. Subd. 4 allows costs in libel and slander actions, amongst others. In case of a recovery beyond $50 it matters not to which of these subdivisions the plaintiff's right to costs is ascribed.

Appellant urges upon our notice two cases, decided since

the amendment of 1881, in which, as he says, the supreme court tested the right to costs by the new words of subd. 6 and did not mention subd. 7. But an examination discloses that neither of those cases was within the description of subd. 7, and any right to costs therein must have been measured by subd. 6. Thus, in *Field v. Elroy,* 99 Wis. 412, 75 N. W. 68, the complaint claimed $38.50 and the recovery was for $23.10, so that of course it could not fall within the description of subd. 7. Again, in *Montgomery v. Am. Cent. Ins. Co.* 108 Wis. 146, 84 N. W. 175, the recovery was some $400, and therefore it was not an action on contract of which a justice of the peace had jurisdiction, and right to costs could not rest upon subd. 7, while it might rest on subd. 6, because the recovery was more than $100, or might have rested on subd. 3, because the action was not within the jurisdiction of the justice's court. We find nothing in these cases to in any wise prevent the applicability of subd. 7 to the present action.

*By the Court.*—Judgment affirmed.