RUSCH, Administratrix, Appellant, vs. NOACK, Respondent.

*October 13—November 10, 1931.*

The cause was submitted for the appellant on the brief of *Winter & Winter* of Shawano, and for the respondent on that of *A. M. Andrews* of Shawano.

FAIRCHILD, J.   The ownership of the $700 is not affected by a determination of whether it was a gift to respondent or whether the title to it was disposed of by an agreement by which Anna Noack purchased an annuity, if the result is that she parted with title to and control over that amount.

These facts are established: The deceased went to the State Bank of Seymour with the respondent and there stated to Mr. Prosser, connected with the bank, that she wanted to give the defendant the sum of $700 upon the consideration of his promise to pay her annually the sum of $35 during her natural life.   Mrs. Noack asked Mr. Prosser to draw an agreement to that effect.   A similar arrangement was made with another son, Otto, and still another son refused to accept $700 from his mother when she attempted to make the same arrangement with him.

There is evidence which discloses a feeling on the mother's part that, because of the disposition made of the estate under a will previously made jointly with her husband, each of the three boys should have this $700 in addition to what they might take under that will, thereby equalizing different shares in the distribution of the estate.

The instrument set forth in the statement of facts contains words of promise and agreement indicating that the conception of contract between the mother and son was present in the mind of each at the time of drafting the agreement. Upon its face the writing presents none of the elements of a testamentary instrument.   It does not, for example, declare any present will of the mother as to the disposal of the $700 after her death; but the instrument as drawn creates rights taking effect immediately.   For the transfer of this $700 to him the son agrees to pay his mother an annuity during her life.   Under the terms of this agreement the mother re-

linquished dominion over the $700 at the time of the execution of the agreement. *Hudson v. Trustees, etc.* 171 Wis. 238, 177 N. W. 14. She acquired a right to $35 per year which William Noack and Martha Noack bound themselves jointly and severally to pay. The agreement in effect was the purchase of an annuity, and under it the control over the $700 and title then passed from mother to son.

The cases relied upon by appellant are based on agreements differing in language and purport from the one here under consideration.

The findings of the trial court are amply supported by the evidence, and the conclusion was properly reached that the sole obligation on the part of the respondent arising from the instrument was to pay annually to her, so long as Anna Noack lived, the sum of $35.

Appellant assigns as error the awarding of costs against her in view of the verified complaint demanding judgment for $850 and a recovery by her of the sum of $53.35, and urges that she was entitled to recover costs instead of the defendant, under sub. (7) of sec. 271.01, Stats. Some confusion arises from the reading of subdivisions (6) and (7) of sec. 271.01. These two subdivisions were considered to some extent in the case of *Olson v. U. S. Sugar Co.* 140 Wis. 309, 122 N. W. 776, and Mr. Justice DODGE said:

"Evidently the legislature became convinced that another class of cases should be added, . . . namely, in all contract cases in which $100 or more should be recovered. This is the clear significance of the words, and such we think to have been the legislative intention. There are no words, by negation or otherwise, in the amendment to indicate that it controls or restrains any of the other sections, and when in 1898 the entire revision of the statutes was enacted the class provided by sub. (7) and the class brought into sub. (6) by this amendment were both preserved in the statute."

In this case the cause of action was on contract, the amount recovered less than $100, and falls within sec. 271.03. Sub.

(6) of sec. 271.01 provides that in an action on contract when the plaintiff shall recover $100 or more, costs shall be allowed of course to the plaintiff, but sec. 271.03 declares that costs shall be allowed of course to the defendant in actions mentioned in sec. 271.01 unless the plaintiff be entitled to costs therein. The plaintiff here did not recover $100 or more, and sub. (6) of sec. 271.01 being applicable, therefore under sec. 271.03 the costs go as a matter of course to the defendant. *Field v. Elroy*, 99 Wis. 412, 75 N. W. 68; *Olson v. U. S. Sugar Co., supra.*

*By the Court.*—Judgment affirmed.