WILLIAMS, Respondent, vs. HOEHLE, Appellant.

*February 26 — March 16, 1897.*

*Replevin: Antenuptial gift: Instructions: Waiver.*

1. To permit a plaintiff in replevin to waive and withdraw his claim for damages for the detention of the property replevied, after the case has been submitted to the jury, does not effect any substantial right of the defendant, and is not reversible error.

2. A verdict for the plaintiff in replevin for a piano, claimed by her as an antenuptial gift from her husband, is *held* to be sustained by evidence that some two weeks before their marriage, she being at his office, he told her that he had bought her a present and asked her to guess what it was, and just then a man came with the piano and placed it in the room, and from that time they had both treated it as hers.

3. In this case, it was not error for the court to charge the jury to the effect that the transaction on which the plaintiff based her claim to the piano was *not strictly* one between husband and wife, yet the same principle prevails as if they had been; such instruction being favorable to the appellant.

4. An instruction to the effect that the jury must take the testimony as it was,— credible and false,— and if they found the *burden of proof* in favor of the plaintiff, they must find for her,— the words *burden of proof* being evidently used through inadvertence instead of *preponderance of evidence,*— is *held* not calculated to have misled the jury to the prejudice of the appellant.

5. An instruction that possession " for certain purposes makes a *prima facie* ownership," and that the jury should consider that fact with the other evidence and give it such force as it ought to have in reaching a conclusion, is *held* to have been favorable to the appellant.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The case is fully stated in the opinion.

The cause was submitted for the appellant on the brief of *John Brennan,* and for the respondent on that of *A. C. Titus.*

Counsel for the appellant argued that there was no perfected gift of the piano to the plaintiff because there was no

delivery. *Wilson v. Carpenter*, 17 Wis. 512, 516; *Crook v. First Nat. Bank*, 83 id. 30, 36. Delivery after marriage could not render it valid, being then from husband to wife. Sec. 2324, R. S.; *Carpenter v. Tatro*, 36 Wis. 297, 301. A mere intention to make a gift is not sufficient without an execution and acceptance. Thornton, Gifts, §§ 72, 73.

CASSODAY, C. J. This in an action of replevin to recover possession of a piano which the plaintiff claims was given to her by Dr. F. P. Williams about two weeks before they were married. The defendant, as sheriff, justified the taking and detention of the piano, April 16, 1895, under an execution issued on a judgment rendered against Dr. F. P. Williams, February 23, 1894, in favor of one Julia Peterson. At the close of the trial the jury returned into court, and asked if they could give a verdict for the return of the piano and not give damages. Thereupon the plaintiff's counsel, in the absence of the defendant s counsel, withdrew from the consideration of the jury the demand for damages; and the court then stated to the jury that "by consent of counsel the request made for damages for the use of the piano is withdrawn from the case, so that will not be for you to consider." The jury again retired, and returned a verdict to the effect that they found for the plaintiff; that she is and was at the time of the commencement of this action the owner and entitled to the possession of the property in issue; that it was unjustly detained by the defendant; that the value thereof was $150; and the following portion of the verdict stricken out by drawing a lead-pencil mark through the same after they had inserted therein as damages $25, to wit, "That the plaintiff's damages by reason of the detention thereof is $25." The court refused to set aside the verdict and grant a new trial. From the judgment entered thereon accordingly in favor of the plaintiff, with costs, the defendant brings this appeal.

There is evidence tending to show that about two weeks before the plaintiff married Dr. Williams, in 1891, she was at his room, and he stated to her that he had bought her a present, and asked her to guess what it was; that just then a man came with the piano, and placed it in his room; and that she and he had both treated it as her piano ever since. We think there is evidence sufficient to sustain the verdict. *Kellogg v. Adams*, 51 Wis. 138; *Second Nat. Bank v. Merrill*, 81 Wis. 142, 148. Besides, there is no certificate that the bill of exceptions contains all the evidence, and hence the verdict is a verity.

There is no error in charging the jury to the effect that the transaction upon which the plaintiff bases her claim to the piano was not, strictly speaking, a transaction between husband and wife, but that "the same principle of law prevails that would if they were husband and wife." It is enough to say that this instruction is prejudicial to the plaintiff and favorable to the defendant. The same is true as to the portion of the charge to the effect that the jury must take the testimony as it was,— credible and false; that, if they found *the burden of proof in favor* of the plaintiff, then they must find a verdict in her favor. She was the principal witness. The words in italics were manifestly used by inadvertence. The court had already charged that the burden of proof was on her to show that the property was hers. The court manifestly meant to say that, if they found the weight or preponderance of the evidence in favor of the plaintiff, then they must find in her favor. This may have been an inaccurate expression, but we do not think the jury could have been misled to the prejudice of the defendant. R. S. sec. 2829. The charge to the effect that possession "for certain purposes makes a *prima facie* case of ownership," and then directing the jury to consider that fact with the other evidence in the case, and give it such force as it ought to have in reaching a conclusion, was certainly favor-

able to the defendant. The defendant was not aggrieved by the fact that the plaintiff withdrew or waived all claim for damages for the detention of the piano. It did not affect any substantial right of the defendant, and hence is not reversible error. R. S. sec. 2829.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.