McNally vs. McAndrew and another.

McNALLY, Executor, Appellant, vs. McANDREW and another, Respondents.

*November 19 — December 10, 1897.*

*Pleading: Variance: Failure of proof: Gifts: Surrender: Evidence: Transactions with person since deceased: Appeal: Immaterial error.*

1. In an action by an executor to foreclose a mortgage given to his testator, a son of the latter was interpleaded as claiming to own the notes and mortgage. He answered claiming to own them by purchase from his father, but at the trial the proof showed that he was the owner by gift. A prior examination of the son, however, under sec. 4096, R. S., had shown the nature of his claim, so that plaintiff was not misled. *Held*, that there was no failure of proof on the part of the son, and no material variance, the substance of the issue being the ownership of the notes, and the means whereby the son became the owner being merely incidental.

2. There being evidence to show that the testator had delivered the notes and mortgage to his son as a gift, with the understanding that the testator should receive the interest on them as long as he lived, further evidence that the notes were afterwards returned to the testator to enable him to collect the interest, and were found among his papers after his decease, did not establish the fact that there had been no gift *in præsenti* or that there had been a revocation or surrender of the gift.

3. To rebut the presumption of a consideration raised by a written assignment from the testator to his son, plaintiff's attorney testified that the son, in his deposition taken under sec. 4096, R. S., had stated that no consideration was paid. Thereupon the court held that the whole deposition, including those parts relating to personal transactions between the testator and his son, had become admissi-

McNally vs. McAndrew and another.

ble on behalf of the son. Whether this ruling was wrong is not determined, but it is *held* that the error, if any, was not material, the trial being by the court and there being sufficient other competent testimony to support the judgment. In such a case the presumption on appeal is that only competent testimony had weight with the court.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

This is an action by the executor of Patrick Riley, to recover the amount of three promissory notes executed by the defendant *James McAndrew* to his decedent in his lifetime. The notes were secured by a mortgage upon land. *W. H. Riley*, a son of Patrick Riley, claimed to be the owner of the notes and mortgage, and was interpleaded. The issue tried was whether *W. H. Riley* was the owner of the notes and mortgage. The court found that he was the owner, and gave him judgment for the amount of the notes against *McAndrew*. As to the plaintiff the action was dismissed. The executor appeals.

*W. F. McNally,* for the appellant, argued, *inter alia,* that the variance between the pleading and proof was fatal. It was not a variance, but an absolute failure of proof. R. S. sec. 2671; *Kruschke v. Stefan,* 83 Wis. 373; *Crook v. First Nat. Bank,* id. 31; *Albrecht v. M. & S. R. Co.* 87 id. 105; *Lagage v. C. & N. W. R. Co.* 91 id. 507; *K—— v. H——,* 20 id. 238; *Eilert v. Oshkosh,* 14 id. 586; *Borkenhagen v. Paschen,* 72 id. 272; *Warder v. Baldwin,* 51 id. 459; *Southwick v. First Nat. Bank,* 84 N. Y. 428; *Truesdell v. Sarles,* 104 id. 164. The finding of a gift *in præsenti* was not sustained by the evidence. The reservation of the interest was fatal to such a gift. Thornton, Gifts, § 92; *Buswell v. Fuller,* 156 Mass. 309.

For the respondents there was a brief by *John W. Bashford,* and oral argument by *John W. Bashford* and *R. M. Bashford.*

McNally vs. McAndrew and another.

NEWMAN, J.   The appellant claims that there was an entire failure of proof on the part of the defendant *Riley*. This can be true only in a case where the proofs fail to establish the issue in its general scope and meaning.   The answer of defendant *Riley* alleged that he was the owner of the notes by purchase from his father.   The proofs showed that he was the owner by gift from his father.   The substance of the issue tendered by the answer was the ownership of the notes.   The means whereby the defendant became the owner was subordinate and incidental.   It was not the substance of the issue.   Proof of ownership, by whatever lawful means, established the issue for the defendant, in its entire scope and meaning.   It has been held by this court, in a case where the complaint was for goods sold and the proof was of a conversion, that the variance was immaterial, because the plaintiff had the right to waive the tort and sue on the contract.   *Walker v. Duncan*, 68 Wis. 624.   A variance between the allegation and the proofs is not deemed material unless it be made to appear that the adverse party has been actually misled to his prejudice.   R. S. sec. 2669; *Harper v. Milwaukee*, 30 Wis. 365–373; RYAN, C. J., in *Delaplaine v. Turnley*, 44 Wis. 43; *Engel v. Hardt*, 56 Wis. 456. The plaintiff had taken the defendant's deposition under sec. 4096, R. S., and knew the true nature of his claim, and must have come expecting to meet the precise claim which the proofs tended to establish.   There was no failure of proof or material variance.

The undisputed evidence shows that, some years before his death, Patrick Riley indorsed a written assignment of the mortgage, and the notes secured by it, upon the mortgage, and delivered all the papers, as a gift, to his son *W. H. Riley*.   Patrick Riley afterwards told the defendant *McAndrew* that he had given the notes and mortgage to *W. H. Riley*.   It was all the time understood that the father

was to have the interest on the notes so long as he lived. The notes were afterwards given to him, that he might receive the interest, and were found among his papers after his death. These facts are not necessarily inconsistent with the hypothesis that the delivery of the papers to *W. H. Riley* was intended to take effect, *in præsenti*, as a gift. Nor does the fact that he afterwards obtained possession of the notes, for the purpose named, as matter of law establish a revocation or surrender of the gift. 8 Am. & Eng. Ency. of Law, 1317. The evidence is sufficient to support the conclusion of the trial court in that behalf.

The evidence which tended to prove the consummation of the gift was the testimony of T. E. Riley, who was a brother of *W. H. Riley,* and who was present at and witnessed the transaction, and also the testimony of *McAndrew* that Patrick Riley told him that he had given the notes and mortgage to his son *W. H. Riley.* To rebut the presumption of a consideration raised by the written instrument of assignment, the plaintiff's attorney took the witness stand, and testified that the defendant *Riley* had, in his deposition taken under sec. 4096, R. S., testified that no consideration had been paid. The court thereupon held that the whole deposition had become admissible by the introduction of a part of it in evidence by the plaintiff, and it was all received in evidence. This is claimed to be error. But *In re Hess' Estate,* 57 Minn. 282, and Jones, Ev. § 792, and cases cited in the notes, seem to support this ruling. But, if the ruling was wrong, it is not reversible error. The issue was tried by the court. It is no sufficient ground for reversal that incompetent testimony was received, where there is sufficient competent testimony to support the judgment. It will be presumed, in favor of the judgment, that only the competent testimony had weight with the court. *Wheeler & W. Mfg. Co. v. Laws,* 62 Wis. 635; *Hooker v. Brandon,* 75 Wis.

8–16; *Frisk v. Reigelman*, 75 Wis. 499; *Farr v. Semple*, 81 Wis. 230; *Rozek v. Redzinski*, 87 Wis. 525.

No reversible error is found.

*By the Court.*— The judgment of the circuit court is affirmed.