N. P. Jones, Administrator of the Estate of Sarah A. Nicholas, Deceased, Plaintiff and Appellee; Della J. Nicholas, Intervener, Appellee, v. W. H. Nicholas, Alice Nicholas and Prudence A. Nicholas, Defendants and Appellants.

Gifts: postponement of enjoyment: trusts: establishment of same. A gift, although delivered to a third person as agent or trustee for the use of the donee under circumstances indicating that the donor relinquished all control over the property and intended to vest title in the donee, is as effective as actual delivery to the donee; and the fact that it is not to be delivered to the donee until after the death of the donor does not affect its validity. In this action the donor deposited money in bank taking a certificate of deposit payable to herself and in the event of her death to the intervener in the action for intervener's own use, the interest thereon, however, being payable to the donor during her life. *Held,* that a valid gift of the principal sum was thereby created of which the donee could not be divested; and the trust character of the fund having been established the beneficiary was entitled to follow the same into whatsoever property it may have been invested, and to have a lien established thereon for the amount.

*Appeal from Polk District Court.*—Hon. James A. Howe, Judge.

Thursday, March 9, 1911.

ACTION by the administrator of the estate of Sarah A. Nicholas, deceased, to recover a sum of money claimed to be due the estate from defendants, W. H., Alice, and Prudence A. Nicholas. Della J. Nicholas filed a petition of intervention, asking judgment against the defendants for the sum of $1,000, claiming that this amount in the hands of W. H. Nicholas was of money held by Sarah A. Nicholas in trust for her, intervener, and that the deceased had no authority to make a gift of that amount to W. H. Nicholas. She claimed adversely to plaintiff as to this $1,000. Defendants denied the existence of any trust in favor of intervener and claimed ownership of the $1,000 because of a gift to them by Sarah A. Nicholas during her lifetime. On these issues and upon an agreed statement of facts the case was tried to the court, resulting in a decree for intervener for the $1,000. Finding also that this money was invested by directions of the deceased in a lot the title to which was in defendant, Prudence A. Nicholas, the trial court established a trust in said lot to the amount of the $1,000, rendered a judgment against each and all of the defendants, and decreed the judgment to be a special lien upon the lot. Defendants alone appeal. *Affirmed.*

*Read & Read,* for appellants.

*F. T. Van Liew,* for appellee.

DEEMER, J.—As the action was tried upon an agreed statement of facts, we hereby copy therefrom as follows:

For the purpose of determining the issues on the intervention of Della J. Nicholas, it is agreed and stipulated, in open court, by and between all the parties hereto, that Sarah Ann Nicholas, formerly of Des Moines, Iowa, and now deceased, had deposited in various banks, prior to 1908, $1,000 for each of her three sons then living, and

$1,000 for Della J. Nicholas, her daughter-in-law, all of said money to be held and to be used for the benefit of said sons and daughter-in-law respectively, said Sarah Ann Nicholas having declared, at the time of making said deposits, and frequently thereafter, that she wished said deposits to vest in the donees respectively, payable at her death, without any reservation whatsoever, except as to the interest on said moneys. Said moneys were deposited in banks, and certificates of deposit issued therefor, except as to C. E. Nicholas, the $1,000 payable to him being in bank, he holding the book issued by a Davenport, Iowa, bank for the same. The remaining certificates were made payable to Sarah Ann Nicholas, and in the event of her death to Della J. Nicholas, W. H. Nicholas, and A. T. Nicholas, respectively, the principal being held or deposited for the benefit of said sons and daughter-in-law, payable at the death of said Sarah Ann Nicholas for her own use. It is further agreed that on or about the 30th of December, 1906, W. H. Nicholas was made attorney in fact for the said Sarah Ann Nicholas; that John W. Nicholas, to whom was made payable one certificate for $1,000, had died; that the said Sarah Ann Nicholas directed the said W. H. Nicholas to change the certificate of deposit made payable to John W. Nicholas into the name of Sarah A. Nicholas; that afterwards the said Sarah Ann Nicholas directed the said W. H. Nicholas to cash the certificate made payable to herself and at her death to Della J. Nicholas; that she indorsed the same and directed him to use that money as he saw fit, but preferred that he use it in the purchase of a lot for Prudence Nicholas, her granddaughter, and this without the knowledge or consent of Della J. Nicholas; that at the time she so directed W. H. Nicholas to cash the said certificate she was mentally sound. It is further agreed that the certificate of deposit that was made payable to the said Della J. Nicholas was never delivered to Della J. Nicholas or anyone representing her. It is further agreed that the change of the certificate payable to John W. Nicholas was changed to Della J. Nicholas with the knowledge and consent of all the heirs of Sarah Ann Nicholas, all the heirs and widow of John W. Nicholas. The above-named sums were originally deposited about the last of November, 1902.

In its decree the trial court made the following findings of mixed law and fact:

First.   That Della J. Nicholas obtained an immediate and vested interest in $1,000 deposited by Sarah A. Nicholas in the Des Moines National Bank and in the certificate of deposit therefor to Sarah A. Nicholas payable to 'self or in event of her death to Della J. Nicholas.'

Second.   That said funds were deposited in trust for Della J. Nicholas without reserving the power of revocation.

· Third.   That said funds were so deposited to be held and used for the benefit of Della J. Nicholas, payable upon the death of Sarah A. Nicholas.

Fourth.   That the said funds so deposited did not pass as a part of the estate of Sarah A. Nicholas, now deceased.

Fifth.   That the said Sarah A. Nicholas died February 17, 1909.

Sixth.   That the said trust funds were withdrawn from said bank and invested in real estate without the knowledge or consent of Della J. Nicholas.

Seventh.   That the said real estate in which said trust funds were so invested is described as lot No. 43 in the second plat of Prospect Park, now forming a part of the city of Des Moines, Iowa.

Eighth.   That the said lot 43 so purchased with said funds stands in the name of Prudence A. Nicholas, and that defendants and Prudence A. Nicholas had full knowledge of the trust character of said funds, and that said funds were to be held and used for the benefit of said Della J. Nicholas, and were payable to her upon the death of said Sarah A. Nicholas.

Ninth.   That the equities of this case are with the intervener, and that the defendants are severally indebted to said intervener on the cause of action mentioned and set forth in intervener's petition, in the sum of $1,000, with interest at six percent per annum from February 17, 1909, being the date of the death of Sarah A. Nicholas.

This appeal presents nothing but questions of law; there being no dispute as to the facts or in the inferences

to be drawn therefrom. Appellants contend that the record does not show a trust in favor of Della J. Nicholas, but that in truth as well as in law Sarah A. Nicholas at all times intended to and did reserve all rights to her money and the disposition thereof during her life. In any event, it is claimed that power of revocation was retained in the donor, which was exercised before her death, and that if there ever was a trust intended it was revoked before the death of Sarah A. Nicholas.

Appellee's position is that a trust was created in favor of intervener by the settler, Sarah A. Nicholas; that acceptance thereof by the beneficiary will be implied; that no right of revocation was reserved; and that if it had been the trust was completed by delivery and could not be revoked by the settler or the trustee. Again, she contends that, although the original beneficiary died before the depositor, the trust was not disturbed thereby. Further claim is made that the trust funds having been identified, they may be followed into whatever property they may have been invested, and that the trial court was correct in imposing a trust upon the real estate to the amount of the gift.

The primary and principal question in this case is: Was there, under the facts disclosed, a trust created in favor of intervener? The facts relied upon to create it are: The deposit of the $1,000 in a bank by Sarah A. Nicholas to be held and used for the benefit of intervener, and declarations made at the time of the deposit and frequently thereafter by the donor that she wished the deposit to vest in the intervener, payable at her (the donor's) death, without any reservation whatsoever, save as to the interest on the money. A certificate of deposit was issued by the bank for the amount of the $1,000, payable to Sarah A. Nicholas, and in the event of her death to the intervener; the principal being deposited for the benefit of intervener, interest thereon being payable to Sarah A. Nich-

olas for her own use, and the principal payable to intervener at the death of Sarah A. Nicholas. The certificate of deposit was never delivered to Della J. Nicholas.

W. H. Nicholas was attorney in fact for Sarah A. Nicholas, and, after the deposit of the $1,000 was made, Sarah A. Nicholas directed her attorney in fact to cash the certificate made payable to Della J. Nicholas and told him to use the money as he saw fit, preferably, however, to invest it in the purchase of a lot for a granddaughter. All of this was done without the knowledge or consent of intervener. Intervener relies most strongly upon *In re Podhajsky,* 137 Iowa, 742, and the rules therein announced in support of all the propositions claimed by her, and we are constrained to hold that that case does sustain her position in every particular. In addition to that case, it has been decided by this court that a trust in personal property may be established by parol testimony. *Patterson v. Mills,* 69 Iowa, 755; *Hemstreet v. Wheeler,* 100 Iowa, 290; *In re Estate of Fisher,* 128 Iowa, 18; *Merrit v. Torrance,* 129 Iowa, 310. Further, it has been held that the mere fact that a trust can not be administered or settled until after the death of the trustee or settler does not in any manner affect the validity of the trust. *Lewis v. Curnutt,* 130 Iowa, 423.

In *Tucker v. Tucker,* 138 Iowa, 344, we find the following language, which is quite applicable to the facts disclosed by the record in the instant case:

> The rule is well settled that delivery to a third person as agent or trustee for the use of the donee, and under such circumstances as indicate that the donor relinquishes all control over the property and intends to vest title in the donee, is quite as effectual as manual delivery directly to him. See *Furenes v. Eide,* 109 Iowa, 511; *Hogan v. Sullivan,* 114 Iowa, 456; cases collected in 20 Cyc. 1198. If the gift is absolute the mere postponement of the enjoyment until the death of the donor is not material, and will not defeat it. *Schollmier v. Schoendelen,* 78 Iowa, 426;

*Hogan v. Sullivan,* 114 Iowa, 456, and cases cited therein; Scrivens v. North Eastern Savings Bank, 166 Mass. 255 (44 N. E. 251). In *McNally v. McAndrew,* 98 Wis. 62 (73 N. W. 315), a father·indorsed an assignment on certain notes and the mortgages securing them, and gave them to his son with the understanding the donor was to have the interest on them so long as he lived; and subsequently the notes were returned to him to enable him to collect the interest, and were found among his papers at his death. The court sustained the gift, and held the circumstances not to show a revocation. To the same effect, see *Martin v. Martin,* 170 Ill. 18 (48 N. E. 694). In *Calkins v. Equitable Building & Loan Ass'n,* 126 Cal. 531 (59 Pac. 30), bank stock was assigned and delivered as a gift, with the reservation of dividends, and the title to the stock was held to have passed. *Davis v. Ney,* 125 Mass. 590 (28 Am. Rep. 272); 14 Am. & Eng. Ency. of Law (2d Ed.) 1044. The test seems to be whether any interest in the property itself has been retained, as distinguished from the mere use or enjoyment. It is needless to add that where there has been a completed gift, the mere fact that naked possession has been acquired by the donor for the temporary purpose of enjoying the use only, as for the collection of interest on deposits in a bank of the dividends on stock therein as in this case, without intent to reinvest him with title, will not disturb it. *Martin v. Martin, supra; McNally v. McAndrew,* 98 Wis. 62 (73 N. W. 315). And, of course, any act of the donor after a completed gift not consented to or acquiesced in by the donee will not affect the title in the latter. *Holmes v. McDonald,* 119 Mich. 563 (78 N. W. 647, 75 Am. St. Rep. 430); *Jacobs v. Jolley,* 29 Ind. App. 25 (62 N. E. 1028).

In *Schollmier v. Schoendelen,* 78 Iowa, 426, we said: "No right to revoke or rescind it is shown to be reserved, and, if it was treated by the assignor as a completed transaction, we think it passed a present interest in the bank account, and is not vulnerable to the objection made by plaintiff."

The *Podhajsky* case, *supra,* is authority for the proposition that an acceptance of a gift or trust such as is

shown in this case will be presumed; and the same rule is announced in *Re Estate of Richardson,* 138 Iowa, 668.

Again, the courts almost universally hold that a trust once perfectly created is irrevocable even though voluntary; and that subsequent acts of the settler or trustee can not affect it.    *Tucker v. Tucker, supra; Willis v. Smyth,* 91 N. Y. 297; *Keyes v. Carleton,* 141 Mass. 45 (6 N. E. 524, 55 Am. Rep. 446; *Minor v. Rogers,* 40 Conn. 512 (16 Am. Rep. 69); *Farleigh v. Cadman,* 159 N. Y. 169 (53 N. E. 808).

The trust being established in and to the funds, the beneficiary may follow the same into whatsoever property they may be invested and have a trust declared therein or a lien thereon established to the amount of money so invested.    This is very fundamental doctrine which needs no fortification by authority.    The case is ruled by former decisions of this court which seem to cover every proposition argued.

It follows that the decree entered by the trial court is correct, and it is *affirmed.*