## WILL OF KLEHR.

*December 5, 1911—January 9, 1912.*

*Gifts* inter vivos: *Validity: Redelivery for specific purpose: Evidence:*
   *Hearsay: Self-serving declarations as to title: Witnesses: Com-*
   *petency: Executors.*

1. Where a gift of personal property is made with the intent to take
   effect irrevocably, and is fully executed by unconditional de-
   livery, it is a valid gift *inter vivos.*
2. A valid gift of a note is not defeated by a subsequent delivery
   back to the donor for the purpose of permitting him to collect
   the interest which he had reserved.
3. Evidence on behalf of the claimant of a note showed a complete
   gift thereof by the payee to her, redelivery to the payee for
   collection of interest, and retention by him until his death. The
   executor of the payee's will testified that some eight months
   after the note was delivered to the claimant, and after its re-
   delivery to the payee, the latter admitted that he signed the
   indorsement to the claimant but stated that it was not his in-
   tention to give the note to her. *Held*, that such statement was
   a mere self-serving declaration relating to the title to the note
   and was incompetent. It was not admissible as being explana-
   tory of the payee's possession and part of the *res gestæ*.
[4. Whether, under sec. 4069, Stats. (Laws of 1907, ch. 197), an ex-
   ecutor is competent to testify to a conversation with his tes-
   tator relating to the title to a note which is held by the executor
   as part of the estate but is claimed by another person, not de-
   termined.]

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

This is an appeal from a judgment disallowing the claim
of one *Sister Pierre Klehr* for the sum of $4,500 and interest,
filed against the estate of Johann Peter Klehr, deceased.
The claim is upon a promissory note assigned to *Sister Pierre
Klehr* by the deceased, Johann Peter Klehr. The case was
submitted to the jury and the jury found that the note was
not delivered to *Sister Pierre Klehr* with the intention of
making a gift to her. Judgment was entered disallowing the

claim of *Sister Pierre Klehr,* claimant, against the estate of Johann Peter Klehr, deceased, and affirming the order of the county court disallowing the claim and ordering that the executor of the estate of said Johann Peter Klehr recover the costs and disbursements.

The claim filed set up the execution of the note by the maker, Edward G. J. Smith, dated March 17, 1905, payable one year after date to the order of Peter Klehr, deceased, with interest at five per cent., and that said note was secured by a mortgage on real estate, and that on the 28th day of June, 1905, the note was duly assigned by indorsement thereon to the claimant and was held by her until the 19th day of January, 1906, at which time it was delivered to the deceased for the purpose of being collected and remitted to the claimant, and that said deceased did collect some interest between March 17, 1906, and March 17, 1907; that Johann Peter Klehr died testate on the 13th day of November, 1907, and his will was duly admitted to probate and John Weber appointed executor; that said Weber duly qualified and letters were issued to him as such executor; that said executor found said note among the papers of deceased and took possession of the same and refused to deliver it to the claimant and has collected the same and released the mortgage given to secure it.

The executor, John Weber, filed objection to the claim and admits in said objection that he took possession of the note and mortgage and collected the principal and some interest, and denies the other allegations of the claim.

For the appellant there was a brief by *W. H. Timlin, Jr., Patrick W. Dean,* and *O. C. Anderson,* and oral argument by *Mr. Dean* and *Mr. Timlin.* To the point that the executor was not a competent witness to testify as he did on behalf of the estate, such testimony being given "in his own behalf or interest" within the meaning of sec. 4069, Stats. (Laws of 1907, ch. 197), they cited Jones, Ev. (2d ed.) §§ 727 (745),

775 (791); *Borchert v. Borchert,* 141 Wis. 142, 123 N. W. 628; *Quinn v. Quinn,* 130 Wis. 548, 110 N. W. 488; 11 Am. & Eng. Ency. of Law (2d ed.) 942, 943; *Johnston v. Mc-Cain,* 188 Pa. St. 513, 41 Atl. 592; *Elmore v. Elmore,* 58 S. C. 289, 36 S. E. 656; *Hunnicutt v. Higginbotham,* 138 Ala. 472, 35 South. 469; *Cronan v. Cotting,* 99 Mass. 334; *Daily's Adm'r v. Daily,* 66 Ala. 266; *Godbold v. Roberts,* 7 Ala. 662; *Alabama S. Bank v. Glass,* 82 Ala. 278, 2 South. 641; *Crescent City I. Co. v. Stafford,* 3 Woods, 94.

For the respondents there was a brief signed by *J. F. La Boule* and *John O'Meara,* attorneys, and *Charles J. Weaver,* of counsel (joined in by *John S. Kaney* and *Walter Schinz,* attorneys for the adult heirs of deceased), and oral argument by *Mr. O'Meara.*

KERWIN, J. In making her case in the court below the claimant, appellant here, introduced competent evidence showing that on the 28th day of June, 1905, the deceased, Johann Peter Klehr, had in his possession a note payable to himself in the sum of $4,500, signed by one Edward G. J. Smith, secured by real-estate mortgage; that upon that day said Johann Peter Klehr indorsed and transferred said note to the appellant by the following indorsement: "Pay the within without recourse to *Sister Pierre Klehr,*" and signed his name to said indorsement and delivered said note so indorsed to appellant, expressing satisfaction that he had made said gift; that the note after delivery to appellant was delivered back by her to Johann Peter Klehr for the purpose of allowing him to collect the interest thereon as it became due, he living where the maker lived, because he reserved the interest for himself when he made the gift. It also appeared that after the indorsement of the note to the appellant crosses or erasures were made over the indorsement, and the claimant proved that she authorized no one to erase the indorsement, and that she received no money on the note.

In order to meet the case made by appellant the respondent, estate of Johann Peter Klehr, deceased, offered John Weber, executor of the last will and testament of Johann Peter Klehr, deceased, as a witness. Objection was duly made to the competency of Weber, executor, as a witness, and also to the evidence given by him. Both objections were overruled and the evidence received and retained in the record over objection and motion to strike out.

The errors assigned are (1) upon the competency of Weber to testify and the competency of his evidence; (2) in refusing to direct a verdict for the appellant; (3) in the charge to the jury; (4) in refusing to change the answer of the jury and in denying motion for a new trial.

Objection was duly made to the competency of the executor, John Weber, to testify to declarations of Johann Peter Klehr, several months after the time of the alleged gift, affecting the validity of the gift of the note in question, which objection was overruled and the executor permitted to testify. The members of this court are not in accord upon this question, and since the judgment below must be reversed on other grounds we will not pass upon the competency of the executor to testify. But, regardless of the competency of the executor to testify, testimony received over objection was incompetent. The executor was permitted to testify that, some eight months after the delivery of the note to appellant, Johann Peter Klehr, now deceased, in a conversation with him admitted that he signed the indorsement to appellant, but said that it was not his intention to give the note to appellant. A complete gift of the note to appellant had been fully proved by her in making out her case, not alone by the indorsement and delivery to her, but by expressions of gift made by deceased at the time of the indorsement and accompanying the gift; and further that the note had been left with deceased merely for the purpose of collecting the interest, which had been retained by him. The delivery back of the note to deceased to permit him to collect the interest did not defeat the gift if a

gift had been in fact made. *McNally v. McAndrew,* 98 Wis. 62, 73 N. W. 315; *Tucker v. Tucker,* 138 Iowa, 344, 116 N. W. 119; *Shepard v. Shepard,* 164 Mich. 183, 129 N. W. 201; *Jones v. Nicholas,* 151 Iowa, 362, 130 N. W. 125.

The declarations testified to under objection, above referred to, were hearsay and self-serving and not competent unless they can be brought within some exception to the general rule. *Fay v. Rankin,* 47 Wis. 400, 2 N. W. 562; *Earley v. Winn,* 129 Wis. 291, 109 N. W. 633; *Rohloff v. Aid Asso.* 130 Wis. 61, 109 N. W. 989; *Hamachek v. Duvall,* 135 Wis. 108, 115 N. W. 634; *Salchert v. Reinig,* 135 Wis. 194, 115 N. W. 132; *Chase v. Woodruff,* 133 Wis. 555, 113 N. W. 973.

But it is argued that the evidence was competent under the rule that evidence of one in possession of property explanatory of such possession is competent under the rule laid down in *Roebke v. Andrews,* 26 Wis. 311, and *Griswold v. Nichols,* 126 Wis. 401, 105 N. W. 815, and other cases. These cases hold that:

"When the character of a party's possession of property, either real or personal, is in question and material to the litigation, the statements made by such party while in possession, if apparently made in good faith, are competent to be introduced in evidence upon the ground that the possession of property is a continuous act, and that the declarations accompanying such possession are in fact a part of the act of possession, and hence a part of the *res gestæ.*"

The rule is also well stated in Jones on Evidence (2d ed.) § 351 (354), as follows:

"While declarations which relate to the nature of the possession may be admitted as a part of the *res gestæ,* yet they must be confined to that subject; and those which relate to the origin of the title, or to the contract under which possession is held or to the mode or manner of payment, and other independent facts should be excluded."

It is clear that the question involved in the instant case was not one of character of possession, but of title to the note. Whether the deceased intended to make a gift went directly

to the question of the title of appellant to the note.    *Opitz v. Karel,* 118 Wis. 527, 95 N. W. 948.    Where a gift of personal property is made with intent to take effect irrevocably, and is fully executed by unconditional delivery, it is a valid gift *inter vivos.    Henschell v. Maurer,* 69 Wis. 576, 34 N. W. 926.

Other errors were committed in the admission of evidence and in the charge, but whether sufficient to reverse the judgment if standing alone we need not consider, since the declarations of the deceased to the effect that he did not intend to make the gift were incompetent, highly prejudicial, and must work a reversal of the judgment.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.

TIMLIN, J., took no part.