Moses, Respondent, vs. Moses, Appellant.

*January 7—January 28, 1913.*

*Divorce: Final division of estate: Concealment of assets.*

1. In an action for divorce, findings of the trial court to the effect that the defendant husband had wilfully concealed from the plaintiff and the court either the actual amount of merchandise that he owned or the proceeds of such parts thereof as he had sold, and that thus his liabilities had been made to appear unduly large in comparison with his assets, are *held* to be sustained by the evidence.

2. A final division of the defendant's property by the judgment in such case, allowing plaintiff $1,000 out of property worth at least $2,000, was not inequitable.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is an appeal by the defendant from that portion of a decree of divorce making a final division and distribution of the defendant's property and awarding the plaintiff a monthly allowance for the support of two minor children. The plaintiff was also allowed disbursements in the action to the amount of $43.68.

The parties to the action are Syrians. They were married on January 14, 1906. The defendant is a peddler, traveling through the country north of the city of La Crosse. It appears that he was the owner in 1909 of two lots and two houses thereon in North La Crosse. This property is worth about $2,500. In 1909 it was unincumbered. The parties occupied one of the houses and rented the other. The defendant dealt with business firms at La Crosse and purchased goods for his business to the amount of about $2,000 per year. The books of the firm with which he principally dealt show that he was accustomed to keep his indebtedness relatively small, and that at times he received a discount for payments made before bills were due. The amount due this firm at the end of 1907 was $120.62; at the end of 1908, $205.66; at the end of 1909, $31.29; at the end of 1910, $350.06; and the first part of May, 1911, $626.95. His credit was very good at the bank with which he dealt, it having loaned him sums of money at various times upon his unsecured notes.

In 1909 trouble arose between the plaintiff and the defendant, which eventuated in the wife securing a divorce. Pursuant to the terms of a stipulation she was given the custody of the children and $100. By agreement the parties afterward resumed their marital relations.

In January, 1909, the parties executed a mortgage for $500 in favor of the Exchange State Bank of La Crosse. The defendant testified that this mortgage was executed to obtain

money to enable his wife to go home for a couple of months to Syria. The wife did not go. On April 17, 1909, a deed of the two lots, subject to the mortgage to the bank, was executed by the parties in favor of Mary Monsoor, the sister of the defendant. The defendant took back a mortgage from his sister for $1,500. This mortgage was never recorded and the defendant testified that it had been destroyed.

On July 8, 1910, while the present action was being contemplated and three days before the plaintiff verified the complaint, Mary Monsoor and her husband executed a mortgage for $1,500 in favor of the defendant's principal creditor, La Crosse Clothing Company, to secure defendant's indebtedness to this creditor. There is no evidence to show that this security was asked or demanded by the creditor. The account of this creditor, filed as an exhibit in the case, shows a credit on October 5, 1910, of "Bills receivable, $939.00," and on March 16, 1911, "Bills receivable, $565.05." The last item of the account is dated May 3, 1911, and the account then shows a balance due from the defendant of $626.95. A note at the foot of the exhibit reads as follows:

"We also hold note, dated January 20, 1911, for $1,500 and interest, against *David Moses*. In explanation of this note, will say, this note was taken in settlement of the two notes of October 3, 1910, and March 16, 1911, *Mr. Moses* paying the difference and interest.

"N. B. Entry of March 16, 1911, should have been made November 14, 1910, this being an oversight on the part of our bookkeeper."

The defendant testified that at the time of trial he owed the clothing company $2,126; that he still owed the bank $500; that a horse for which he paid $195 was sick and not worth more than $100; that he owed to others than his principal creditor $231.50 for goods he had bought that spring;

that he had no money; that he had on hand a stock of goods worth only $150 or $200; and that he would sell his wagon for $200.

The defendant has always retained possession of the houses and lots to which he held the unincumbered title in 1909 and has collected the rent therefrom.

The court found as follows:

"The court finds that the treatment of the plaintiff by the defendant has been cruel and inhuman.

"That such treatment has been practiced by the use of abusive language and personal violence. That it has impaired the plaintiff's health.

"That it is unsafe for her to live and cohabit with the defendant.

"That the defendant is not the proper person to have the care, custody, and control of the minor children.

"That the plaintiff is a proper person to have the care, custody, and control of said children.

"That prior to the time of the commencement of the first divorce proceedings between these parties, the defendant owned lots 11 and 14 of block 18 of the original plat of the village of North La Crosse, now the city of La Crosse, of the value of $2,500.

"That he was and is still doing business as a peddler, selling on the average more than $2,000 worth of merchandise annually.

"That up to that time he had kept his bills for merchandise paid and purchased his stock substantially for cash.

"That just prior to the commencement of said proceedings he induced his wife to join with him in a deed of said lots to the defendant's sister, which deed was without consideration.

"That he has continued in the occupancy of said lots and has received the rents and income therefrom since the making of said deed.

"That for the purpose of defrauding the plaintiff he has let his bills for merchandise remain unpaid and has incurred indebtedness therefor for the purpose of making it appear to the court that he is in poor financial circumstances, although

his sales have not decreased and no loss or reason shown for his delinquency in this respect.

"And as conclusions of law the court finds:

"1st. That the plaintiff is entitled to a judgment of absolute divorce and to have the care and custody and maintenance of the minor children, free from any restraint on the part of the defendant, except that the said defendant shall be permitted on proper occasions to visit the said children, on condition, however, that he restrain from creating any disturbance and restrain from any abuse or ill-treatment of the plaintiff.

"2d. That the defendant pay to the plaintiff the sum of one thousand ($1,000) dollars, as and for a final division of property of the defendant, and that the same be made a lien and charge upon and against said lots 11 and 14 in block 18 of the original plat of the village of North La Crosse, now the city of La Crosse.

"3d. That the defendant also pay to the plaintiff eight ($8) dollars per month for the support and maintenance of the minor children of the parties; the first payment to be made on the 15th of June, and on the 15th day of each and every month thereafter.

"4th. That he pay in addition thereto the disbursements of this action, to be taxed by the clerk."

The defendant "appeals from that portion of the interlocutory decree of divorce relating to the final division and distribution of the defendant's property and awarding the plaintiff the sum of one thousand ($1,000) dollars and further awarding the plaintiff the sum of eight ($8) dollars per month for the support of the minor children of said parties."

The judgment was entered June 10, 1911.

*John F. Doherty,* for the appellant.

*J. E. Higbee,* for the respondent.


SIEBECKER, J.    The court found that the defendant wilfully concealed from the plaintiff and the court either the actual amount of merchandise he owned, or the proceeds of such parts thereof as he had sold, and that thus his apparent

liabilities for goods purchased had been enhanced and made to appear unduly large in comparison with his assets. A careful examination of the record convinces us that this conclusion of the trial court is justified by the facts and circumstances of the case. The facts and circumstances of defendant's business transactions and the condition of his property at the time of trial tend to support the court's conclusion that his property, over and above his *bona fide* debts, is of the value of $2,000, and this court cannot say that the court's findings on the subject are against the clear preponderance of the evidence.

The appellant's contentions, assailing the court's findings of fact, rest on the evidence of the defendant, which, as heretofore indicated, the trial court deemed of little if any weight. The weight and credibility of defendant's evidence can best be determined by the lower court as the trier of facts. He heard and saw the party while testifying, and he is much better informed than this court to judge of the probative force of this evidence. His findings of fact cannot be disturbed.

Out of the gross sum of $1,000 allowed the plaintiff she will be compelled to pay her attorney's fees and the expenses incurred in the prosecution of the action in the courts. In the light of the facts thus established, it cannot be said that the final division and distribution of the defendant's property between the parties is inequitable.

*By the Court.*—The judgment appealed from is affirmed.