Hudson, Administrator, Appellant, vs. Trustees of the Funds and Property of the Protestant Episcopal Church in Wisconsin, imp., Respondents.

*March 10—April 6, 1920.*

*Gifts: Absolute or to take effect in future: Gifts causa mortis: Reservation of interest on certificates of deposit: Effect: Evidence: Appeal: Discrepancies in testimony: Conclusion of trial court.*

1. In an action by the administrator with the will annexed of the donor of three certificates of deposit to recover possession thereof from a defendant who claimed to hold them as trustee for a religious corporation, the evidence is *held* to show that the transfer to defendant was with the intention of relinquishing control and dominion over them.
2. It is the province of the trial court to reconcile, if possible, discrepancies in the testimony of a witness, and his conclusion will not be disturbed on appeal.
3. Where the defendant to whom testatrix had transferred the certificates of deposit during her lifetime made a notation thereon, as a result of a conversation had with those who assisted in drawing and executing her will, that testatrix "wishes the interest on this paid to her as long as she lives. She then wishes me to sign it over to" specified church trustees, the notation was not an admission by testatrix or the trustees that there was not a present, completed gift.
4. There being an absolute present gift of the certificates of deposit to the trustees of church property by means of the delivery of the certificates indorsed and the surrender by the donor of possession to the donee, reservation of the interest accruing on the certificates during her lifetime did not destroy the effect of the transaction as a present gift.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge. *Affirmed.*

One Amelia B. Trener had lived for a great many years in the village of Mazomanie and was a member of and took great interest in the welfare of the Episcopal church in that village. For about thirty years she and the defendant Mrs. Martha E. Gleason were near neighbors and intimate friends.

On January 4, 1919, Miss Trener, then being about eighty-three years of age and ill, was removed from her homestead to the home of Mrs. Gleason. At that time Miss Trener had certain certificates of deposit in her name and kept with her papers in a small tin box in her possession. On January 11th three of these certificates, one for $1,000 and two for $500 each, which had been issued to Miss Trener some months previously, were indorsed on the back by a Mrs. Kerr as follows: "January 11th, 1919, pay to the order of Martha E. Gleason," and each of such indorsements was then signed by Miss Trener and the three certificates so indorsed delivered to Mrs. Gleason and thereafter kept by her with her own papers and were never again in the possession of Miss Trener.

On January 21st Miss Trener executed her will, and as a result of conversation had at about that time with those who assisted in the drawing and executing of the will Mrs. Gleason further wrote on each of said certificates, with the intention of then stating her understanding of the situation in case of anything happening to her, the following statement:

"Amelia B. Trener wishes the interest on this paid to her as long as she lives. She then wishes me to sign it over to the Trustees of Funds and Property of the Episcopal Diocese of Milwaukee for the benefit of St. Luke's church, Mazomanie, Wisconsin."

On April 8th following Miss Trener died, and two or three days thereafter Mrs. Gleason added to the back of each of said certificates the following: "Pay to the order of the Trustees of Funds and Property of the Episcopal Diocese of Milwaukee," and signed the same "Martha E. Gleason."

Owing to questions arising as to whether the plaintiff, administrator of the estate of Miss Trener, or the trustees of the Episcopal diocese were entitled to them, Mrs. Gleason has retained possession, but expressly disavows any inter-

est in the same on her own behalf.    Upon the trial without a jury in the court below, the circuit court found in effect that there had been an absolute gift *in præsenti* of the $2,000 represented by said certificates to Martha E. Gleason as agent for the defendant trustees and that such trustees were the owners thereof, and dismissing the plaintiff's complaint with costs.    From such judgment the plaintiff has appealed.

For the appellant there was a brief by *W. L. Woodward* and *Gilbert & Ela,* all of Madison, and oral argument by *Frank L. Gilbert.*

For the respondents there was a brief by *Mason & Stephens* of Madison, and oral argument by *Vroman Mason.*

ESCHWEILER, J.    The plaintiff, administrator with the will annexed of the deceased, Amelia B. Trener, insists that the evidence does not support the conclusion of the trial court that there was a valid and binding gift by Miss Trener to the defendant trustees.

Mrs. Gleason was examined in the county court with reference to the transactions between herself and Miss Trener, and later again examined on the trial in the court below.    Much stress is laid by appellant upon the circumstance that in the examination in the county court Mrs. Gleason did not say, as she did in the circuit court, that she was told by Miss Trener, at the time the certificates were delivered to her, that she, Mrs. Gleason, was to hold them for the trustees, and also insists that proper and due significance was not given by the trial court to the recital quoted in the statement of facts placed upon the back of each of these certificates by Mrs. Gleason herself just after the execution of Miss Trener's will.    That from these facts the appellant insists that the only proper conclusion to be drawn is that it was the intention of Miss Trener at the time of delivering the certificates to Mrs. Gleason that the title was not then to pass to the trustees, nor was her dominion over them intended to be relinquished until and after her death,

and, that being so, there was no present gift.   Further, that
Mrs. Gleason remained the agent of Miss Trener only and
not of the defendant trustees in holding such certificates
during the lifetime of Miss Trener.   Appellant also claim-
ing that there is no evidence to warrant a conclusion that it
was intended as a gift *causa mortis* in that it was evidently
not made in view of impending death and that death did
not result to the donor from any then impending danger.

We are satisfied, however, from all the testimony of Mrs.
Gleason, particularly that to the effect that Miss Trener
said at the time she delivered these certificates so indorsed
by her that she, Mrs. Gleason, was to take them and hold
them for the defendant trustees and to sign them over to
them at her death and to pay her, Miss Trener, the interest
accruing thereon during her lifetime, that the trial court
was justified in holding that there was a present, absolute
gift:

There are possible discrepancies between her statement
of the transaction while testifying in the county court and
in the circuit court and with the indorsement that she made
in her own handwriting on the back of these certificates,
from which it may be argued that there was possible con-
fusion in her own mind as to what was the exact direction or
expressed intention of Miss Trener; yet it was the province
of the trial court to reconcile, if possible, such matters, and
his conclusion cannot be overturned.

The notation by Mrs. Gleason appearing on the back of
the certificates is not of course an admission by the donor
and therefore not binding as against her or the defendant
trustees and was a proper subject of explanation by Mrs.
Gleason when testifying.

We are satisfied that there was an absolute present gift to
the defendant trustees by the delivery of the certificates so
indorsed and surrender of possession and control over them
by Miss Trener, and that the reservation of interest accru-
ing thereon during her lifetime did not destroy the effect of

the transaction as a present gift. *Pirie v. Le Saulnier,* 161 Wis. 503, 154 N. W. 993; *Will of Klehr,* 147 Wis. 653, 133 N. W. 1105; *McNally v. McAndrew,* 98 Wis. 62, 73 N. W. 315; *Davis v. Ney,* 125 Mass. 590; *Bone v. Holmes,* 195 Mass. 495, 81 N. E. 290; *Meriwether v. Morrison,* 78 Ky. 572; *Ruiz v. Dow,* 113 Cal. 490, 45 Pac. 867.

*By the Court.*—Judgment affirmed.