Ticknor and others, Executors, Appellants, vs. Sinclair, Respondent.

*April 8—May 12, 1925.*

*Gifts: Delivery of bonds: Retention of interest: Appeal: Weight accorded findings of trial court.*

1. In an appeal which involves merely the question as to whether the evidence sustains the findings of the trial court, much credit must be given to the findings, as the trial court has advantages over this court in determining the weight and credibility of evidence.  p. 74.
2. In an action by executors to recover possession of government bonds alleged to have been converted by the defendant, in which the defendant testified, without objection, that she received the bonds as a gift, the evidence is *held* to sustain a finding of the trial court that the bonds were a gift to the defendant by the deceased during his lifetime.  p. 75.
3. The fact that the deceased retained the right to the interest on the donated bonds during his life was not inconsistent with a valid gift of the bonds.  p. 73.

APPEAL from a judgment of the circuit court for Douglas county: W. R. Foley, Circuit Judge.  *Affirmed.*

This was an action by the executors of the last will of H. E. Ticknor, deceased, to recover possession of $2,000 in government bonds from the defendant, *Elsie E. Sinclair,* which the plaintiffs allege were the property of the deceased and were converted by the defendant to her own use.

The case was tried before the circuit court without a jury. The circuit court found that the deceased came to his death on the 23d day of.July, 1923; that he left a will, and letters of administration were issued to the plaintiffs; that for several years prior to his death deceased was engaged to be married to the defendant; that while so engaged, about three years prior to his death, the deceased made a gift to the defendant of the $2,000 in bonds in question, reserving to himself only the interest coupons thereon which should mature during his lifetime; that he intended to make the gift·

complete, and delivered the bonds to the defendant to have, and to hold as her own property absolutely; that the bonds were defendant's property, and the executors had no interest therein; and that defendant did not attempt to conceal, embezzle, or unlawfully convert such bonds or the coupons thereon. The court concluded as a matter of law that the bonds in question were a gift to the defendant by the deceased during his lifetime, which said gift was valid and vested title and ownership to the bonds in the defendant, and ordered the complaint dismissed on its merits. Judgment was entered accordingly.

For the appellants there was a brief by *J. W. Macauley* of Menomonie, attorney, and *Grace, Fridley & Crawford* of Superior, of counsel, and oral argument by *C. R. Fridley*.

For the respondent there was a brief by *R. E. Curran* and *W. M. Steele,* both of Superior, and oral argument by *Mr. Steele.*

CROWNHART, J. There was not much testimony in this case, and it is largely undisputed. Without objection, the defendant testified that the deceased made a gift to her of $2,000 in government bonds some three years prior to his death and that the gift was absolute, but that the deceased was to have the interest coupons attached to the bonds as they became due during his lifetime. The defendant kept the bonds in her private box in a vault of the Bank of Commerce, and she had the only key to the box. She had had possession of the bonds for two years or more at the time of the gift. When the interest coupons became due defendant would go to the bank, take the bonds out of her box, and permit the deceased to cut the coupons. Sometimes the deceased accompanied her to the bank, and sometimes she took the bonds to his office in the federal building, he being at the time clerk of the United States district court. Besides these $2,000 in government bonds the defendant left in her care and custody $400 in government bonds, the title

to which remained in him. The $2,000 in bonds were in-
closed in one envelope, the $400 in bonds were inclosed in
another envelope, and both envelopes were inclosed in a
larger envelope. The act of deceased in leaving the $400
in bonds, to which he retained title, with defendant was not
inconsistent with the gift to defendant. He retained his
title to the coupons of the donated bonds during his lifetime,
and the act of clipping coupons on all the bonds could be
accomplished at the same time. Nor was the retention of
the right to the interest on the donated bonds during life
inconsistent with a valid gift of the bonds. *Hudson v.
Trustees, etc.* 171 Wis. 238, 177 N. W. 14; *Will of Klehr*,
147 Wis. 653, 133 N. W. 1105.

The deceased had a lock box of his own in the vault in
the federal building, and kept in such vault and lock box
certain war savings stamps, mortgages, notes, and other
securities. Hence, there does not seem to have been any
reason why he should have delivered these bonds to the
defendant as a matter of security. It does not appear
whether deceased had a box in the vault of the federal build-
ing when he first delivered the bonds to the defendant. De-
ceased left considerable property, the exact amount of which
is not disclosed. He had no children, but left surviving him
a brother and three sisters. No reason is disclosed why he
should not have given these bonds in dispute to the defend-
ant. The defendant was a widow and had three children.
The deceased's relations with the defendant and her children
for a number of years had been intimate. He was engaged
to be married to defendant. He frequently took his Sunday
dinners at the home of the defendant, gave the children
presents at Christmas and other times, and made the daugh-
ter a present of a watch when she was thirteen, and gave
her money when she graduated from the high school and
from the normal school. These intimate relations existed
up to about the 1st of July, 1923, when the deceased went
on a visit to Usk, Washington, where he died. Before

leaving he cut the coupons from the bonds and gave one of the coupons to the defendant. The contents of the will are not disclosed in the record, but we assume that the bonds were not specifically ·mentioned in the will.

Much credit must be given to the decision of the trial judge as to the disputed facts. Especially is this so in a case like this, where the truth of·the testimony of the defendant must be determined largely by her attitude and appearance on the witness stand. In this case the trial court was impressed favorably for defendant. In his opinion he said: "I am strongly impressed that the defendant's testimony is truthful and that the gift was actually made." The trial court has advantages over this court in determining weight and credibility of evidence, and this fact is important upon an appeal involving merely the question as to whether the evidence sustains the findings of the trial court.

In *Moses v. Moses,* 152 Wis. 107, 112, 139 N. W. 727, this court said:

"The weight and credibility of defendant's evidence can best be determined by the lower court as the trier of facts. He heard and saw the party while testifying, and he is much better informed than this court to judge of the probative force of this evidence."

To the same effect see *Foote v. Harrison,* 146 Wis. 76, 78, 130 N. W. 878; *Shekey v. Eldredge,* 71 Wis. 538, 541, 37 N. W. 820.

The deceased was a lawyer of long experience. He left a will. He was an elderly man. He imposed exceptional trust and confidence in the defendant. He took no receipt for the bonds, which were negotiable by delivery. Apparently he made no mention of the bonds in his will nor in any memorandum of his effects; at least nothing of the kind was disclosed, and it appeared that the situation was only discovered by the executor by referring to his income-tax report, which showed income from bonds.

It is claimed by appellant that defendant made statements to the executor inconsistent with the idea of gift, but the evidence on this point is in dispute. Defendant's explanation of her conduct is not incredible.

The appellant contends that the evidence is insufficient to support a gift, and cites authorities to the effect that a gift *inter vivos* must be established by clear and satisfactory evidence. Admitting the rule, in its application this court has aimed to get at the facts under the general rules of evidence as in other cases. *Kellogg v. Adams,* 51 Wis. 138, 8 N. W. 115; *Second Nat. Bank v. Merrill,* 81 Wis. 142, 50 N. W. 503; *Williams v. Hoehle,* 95 Wis. 510, 70 N. W. 556; *McNally v. McAndrew,* 98 Wis. 62, 73 N. W. 315; *Will of Klehr,* 147 Wis. 653, 133 N. W. 1105; *Pirie v. Le Saulnier,* 161 Wis. 503, 154 N. W. 993; *Hudson v. Trustees, etc.* 171 Wis. 238, 177 N. W. 14.

Under the authority of these cases, we conclude the evidence is sufficient to support the judgment.

*By the Court.*—The judgment of the circuit court is affirmed.