Zimmerman, J.
 

 It is a well settled principle of law that the requisites of a valid gift
 
 inler vivos
 
 are an intent on the part of the donor to make an immediate gift of property and a delivery thereof to the donee, or to a third person as trustee for the donee, with reJinquishment of all dominion and control over the property by the donor.
 
 Worthington, Admr.,
 
 v.
 
 Redkey, Exr.,
 
 86 Ohio St., 128, pages 134 and 135, 99 N. E., 211;
 
 Bolles
 
 v.
 
 Toledo Trust Co.,
 
 132 Ohio St., 21, 4 N. E. (2d), 917.
 

 Acceptance by the donee of a gift beneficial in character will be presumed, and this presumption prevails where the gift is delivered to a third person as trustee for the donee without the latter’s knowledge. 20 Ohio
 
 *326
 
 Jurisprudence, 31, Section 23; 28 Corpus Juris, 641, Section 32; 12 Ruling Case Law, 934, Section 10;
 
 Harvey
 
 v.
 
 Gardner,
 
 41 Ohio St., 642, 649;
 
 In re Estate of Stockham,
 
 193 Iowa, 823, 186 N. W., 650, 22 A. L. R., 765;
 
 Warner
 
 v.
 
 Keiser,
 
 93 Ind. App., 547, 177 N. E., 369.
 

 In 28 Corpus Juris, 639, Section 30, the following statement appears:
 

 “While there must be a delivery and acceptance to complete the gift, it does not necessarily follow that the delivery must be made directly to the donee, but the delivery may be to a third person for the benefit of the donee. Where a delivery is thus made to a third person the question whether the gift was thereby completed without actual delivery to the donee depends entirely upon whether the person to whom the property is delivered receives it as the donors’ agent or as trustee for the donee. And this is to be determined from the intention of the donor, the situation and relation of the parties, the kind and character of the property, and the things said and done in regard thereto as disclosed by the evidence. If the property remains under the control of the donor, although in the keeping of the third person, and the latter is subject to his further direction as to its final disposition, then his relation is that of an agent. If, however, the property is delivered by the donor with intention that the present title and ownership shall pass to the donee and such intention is carried into effect by the language employed, and the things done in relation thereto, then the gift is executed and the third pers'on is a trustee for the donee,”
 

 Speaking further on the subject, 28 Corpus Juris, 640, Section 32, has this to say:
 

 “Delivery bf property to a third person as agent or trustee for the use of the donee, and not as agent of the donor, under such circumstances as indicate that the donor relinquishes all dominion and control over
 
 *327
 
 the property, is' a sufficient delivery to complete the gift, which, in such case, is not revoked by the subsequent death of the donor before the property has been actually delivered to the donee. And the validity of the gift is not affected by the fact that the trustee is not to deliver the property to the donee until after the donor’s death.” 12 Ruling Case Law, 935, Section II, is to the same effect.
 

 The quoted text is supported by the authorities'. Compare,
 
 Crooks
 
 v.
 
 Crooks,
 
 34 Ohio St., 610;
 
 Ball
 
 v.
 
 Foreman,
 
 37 Ohio St., 132;
 
 Patrick
 
 v.
 
 Parrott,
 
 92 Ohio St., 184, 110 N. E., 725;
 
 Innes
 
 v.
 
 Potter,
 
 130 Minn., 320, 153 N. W., 604, 3 A. L. R., 896;
 
 Dinslage, Admr.,
 
 v.
 
 Stratman,
 
 105 Neb., 274, 180 N. W., 81, 14 A. L. R., 702;
 
 Kennedy, Admr.,
 
 v.
 
 Nelson,
 
 125 Neb., 185, 249 N. W., 546;
 
 Jones
 
 v.
 
 Nicholas,
 
 151 Iowa, 362, 130 N. W., 125;
 
 In re Estate of Stockham, supra
 
 (193 Iowa, 823, 186 N. W., 650, 22 A. L. R., 765);
 
 Roe, Exrx.,
 
 v.
 
 Roe,
 
 98 Fla., 840, 124 So., 734;
 
 Goodan v. Goodan,
 
 184 Ky., 79, 211 S. W., 423;
 
 Cox
 
 v.
 
 Windham
 
 (Tex. Civ. App.), 10 S. W. (2d), 136;
 
 In re Estate of Trapp,
 
 269 Ill. App., 269;
 
 Grissom, Collector, v. Sternberger
 
 (C. C. A., 4), 10 F. (2d), 764;
 
 Conlon
 
 v.
 
 Turley
 
 (C. A., D. C.), 10 F. (2d), 890;
 
 Dulin
 
 v.
 
 Commissioner of Internal Revenue
 
 (C. C. A. 6), 70 F. (2d), 828; 3 A. L. R., annotation beginning at page 902; 60 A. L. R., annotation beginning at page 1054.
 

 “Where there
 
 has been an absolute and completed gift of personal property to a third person to be delivered to the donee after the donor’s death, the fact that the donor has reserved to himself during his lifetime the earnings of the property, such as the interest on bank deposits, or the dividends on stock, will not show such a failure to relinquish dominion and control over the property, as will defeat a gift
 
 inter vivos,
 
 otherwise valid.” 3 A. L. R., annotation at page 906; 60 A. L. R., annotation at page 1056;
 
 Ratterman
 
 v.
 
 Lodge
 
 (C. C. A. 8), 13 F. (2d), 805, and cases therein
 
 *328
 
 cited. Compare
 
 Howard
 
 v.
 
 Hobbs,
 
 125 Md., 636, 94 A., 318.
 

 “The test seems to be whether any interest in the property itself has been retained, as distinguished from the mere use or enjoyment.”
 
 Jones
 
 v.
 
 Nicholas, supra
 
 (151 Iowa, 362, 368, 130 N. W., 125, 128).
 

 The expressions “If anything happens to me” or “In case anything happens to me,” used by donors under circumstances resembling those in the instant case, have generally been interpreted as synonymous with “Upon my death” or “When I die.”
 
 Conlon
 
 v.
 
 Turley, supra
 
 (10 F. [2d], 890);
 
 Eaton
 
 v.
 
 Blood, Admr.,
 
 201 Iowa, 834, 208 N. W., 508, 44 A. L. R., 1516;
 
 Earl
 
 v.
 
 Mundy
 
 (Tex. Civ. App.), 227 S. W., 970;
 
 Goodman
 
 v.
 
 Andrews,
 
 203 Iowa, 979, 213 N. W., 605;
 
 Loomis
 
 v.
 
 Loomis,
 
 178 Mich., 221, 144 N. W., 552;
 
 Adams
 
 v.
 
 Harris,
 
 118 Wash., 189, 203 P., 48;
 
 Kolber
 
 v.
 
 Steinhafel,
 
 190 Wis., 468, 209 N. W., 595.
 

 From the foregoing statements, it is plain that the law relative to the making of a gift to a donee through the medium of a third person is definitely established. The difficulty arises in applying the law to the facts of the particular case.
 

 In the instant case it is our opinion that the evidence offered shows a completed gift. The donor endorsed his six certificates of deposit to the six objects of his donative intent, and directed that new certificates be issued in their names as payees. He delivered these new certificates' to a third person, with instructions to mail them to the donees “if anything happens to me,” which undoubtedly meant “upon my death.” So far as the record discloses, he did not retain the privilege of recalling the certificates and never attempted to exercise the slightest dominion or control over them.
 

 We conclude from the evidence that his clear intent was to make a present gift with the right of enjoyment postponed until his demise. The third person to whom delivery was made became trustee for the donees, and
 
 *329
 
 when the donor died they were entitled to the possession of the certificates. There being no retention of property rights in the certificates themselves, the reservation of interest had no adverse effect. Indeed, the reservation of interest by a donor emphasizes his intention that the gift of the principal shall be absolute and irrevocable.
 
 Delta & Pine Land Co.
 
 v.
 
 Benton,
 
 171 Ill. App., 635, 641.
 

 Both the Court of Appeals and the Probate Court relied to a greater or les'ser degree on Section 8617, General Code, to sustain their conclusions. Counsel for appellants are insistent that this section has no application. Since the case may properly be decided under the general law pertaining to gifts, we find it unnecessary to consider or determine the significance of such section in relation to the present controversy.
 

 It follows that the judgments of the Court of Appeals are affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Matthias, Day, Williams and Myers, JJ., concur.