CLAUS, DECEASED, ESTATE OF, IN RE.

Ohio Appeals, Seventh District, Lake County.

No. 699. Decided May 23, 1963.

*Mr. Ralph V. Greene,* for appellant, Stanley T. Claus, Administrator of the Estate of Ruby A. Brichford Claus, Deceased.

*Mr. Louis A. Turi, Jr.,* for appellee, Alma Koenig.

BROWN, J. Ruby A. Claus, formerly Brichford, gave a metal box in a brown paper bag to Mrs. Swanson, a neighbor, written upon the paper was Mrs. Claus' name and that of her niece, Alma Koenig. This occurred prior to the marriage of Ruby Brichford to Stanley Claus in July 1956. Subsequently Mrs. Swanson, before moving away from the area returned the box to Mrs. Claus. Mrs. Claus delivered it to one Mrs. Ruth I. Richardson.

Mrs. Claus died on October 27, 1961, and Mrs. Richardson delivered the box to Mrs. Koenig.

The Administrator claimed the contents of the box for the estate and Mrs. Koenig tendered the property to the Probate Court and submitted the validity of her claim to the court.

Counsel for the estate and for Alma Koenig stipulated at trial that the delivery to Mrs. Richardson was with the request that Mrs. Richardson hold the same and deliver it to Mrs. Koenig in the event of the death of Mrs. Claus.

Mrs. Koenig testified (R. 14) that Mrs. Claus had told her "I have given it (the box) to Mrs. Swanson to keep for you," and later told her that the box had been given to Mrs. Richardson. At record page seven Alma Koenig testified "she (Mrs. Claus) told me they (the contents) were mine."

There was no evidence except the stipulation and the testimony of Mrs. Koenig.

In view of the stipulation, the intention of Mrs. Claus cannot be questioned. She intended to give the box and contents to her niece, with possession and enjoyment deferred until the donor's death.

Whether or not the donor accomplished a valid gift is the

only question. A gift inter vivos must be completed during the lifetime of the parties, but the delivery may be made to a third person for the donee and so long as this is done under such circumstances as to indicate that the donor has relinquished all control and dominion over property, the gift is complete and irrevocable and is not affected by the death of the donor before the property comes into the hands of the donee. This general statement is found in 24 American Jurisprudence (2d), at page 748, and is borne out by appellee's principal case cited, *Streeper* v. *Myers*, 132 Ohio St., 322. This case effectively disposes of the proposition urged by the appellant, who argues that the third person is the agent of the donor, and that the agency is terminated by death. *Streeper* v. *Myers* holds that in cases in which control is retained by the donor the intermediary is the agent and the agency terminates upon death, but in cases in which the property is delivered by the donor with the intention that the present title and ownership pass to the donee, then the gift is executed and the third person is trustee for the donee.

The only question remaining is whether it was the clear intent of Mrs. Claus to make a present gift at the time of the delivery to Mrs. Richardson. The trial judge decided this question in the affirmative. The record indicates that from the date of the delivery to the date of her death some years later Mrs. Claus never exercised the slightest dominion or control over the box and its contents.

In view of this, the testimony quoted earlier, and total lack of any evidence suggesting a retention of dominion by the donor, we cannot say that the trier of the facts erred in his conclusions as a matter of law, or that the conclusion reached is against the manifest weight of the evidence.

Judgment affirmed.

DONAHUE, P. J., FRANCE, J., concur.